**OIL & GAS INCOME, INC., Appellant,**

v.

**WOODS EXPLORATION AND PRODUC-
ING CO., Inc., et al., Appellees.**

**No. 22030.**

United States Court of Appeals
Fifth Circuit.

June 17, 1966.

Howard W. Lenfant, Lenfant & Villere, Walter R. Fitzpatrick, Jr., Paul J. Thriffiley, Jr., New Orleans, La., for appellant.

C. D. Marshall, Elizabeth R. Haak, New Orleans, La., for appellees, Milling, Saal, Saunders, Benson & Woodward, New Orleans, La., of counsel.

Before BROWN and COLEMAN, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM.

In this action, brought under the Securities Act of 1933, 15 U.S.C. § 77a, et seq., appellant sued O. B. Trotter and Woods Exploration and Producing Company, Inc., alleging violations of Section 12 of the Act, 15 U.S.C. § 77*l*, relative to reg-

istration and misstatement or omission of a material fact.

Woods answered the suit, but Trotter filed a number of preliminary motions, including one to require appellant to furnish security for costs, as provided by Section 11(e), 15 U.S.C. § 77k(e).* After a number of inconclusive hearings, appellant agreed upon a settlement with Woods, and then, before filing an acceptable cost bond, voluntarily dismissed the suit as against both Woods and Trotter, on September 3, 1963.

Approximately nine months later, on June 1, 1964, Trotter filed a motion to tax costs. The District Court heard argument, and on June 24, 1964, ordered appellant to pay $3,000 as Trotter's attorney's fee. A motion for rehearing was promptly filed, which was denied on July 29, 1964, and this appeal followed.

In awarding Trotter the attorney's fee described, the District Court failed to set down its findings of fact and conclusions of law, as required by Rule 52(a) F.R.Civ. Proc., and specifically made no finding as to whether " * * * the suit * * * [was] * * * *without merit* * * *," as required by 15 U.S.C. § 77k(e). The only evidence in the record on this subject was submitted by appellant in the form of an affidavit (and attachments) in support of its motion for rehearing.

Obviously, we do not intend by our ruling here to require that the District Court try this case on its merits in order to determine whether it was "without merit," for we feel that this may be done largely from the Court's knowledge of the case acquired through the numerous hearings held.

But on this incomplete record, and absent express findings and conclusions by the District Court, we cannot determine whether its award of an attorney's fee was correct. It would be premature for us now to express agreement or disagreement with the test announced by the Tenth Circuit in Can-Am Petroleum Company v. Beck, 1964, 331 F.2d 371, and Stadia Oil & Uranium Company v. Wheelis, 1957, 251 F.2d 269.

Accordingly, the award is vacated, and the matter is remanded to the District Court for hearing and action in accordance with this ruling.

Vacated and remanded.

---

* The pertinent portion of 15 U.S.C. § 77k (e) reads as follows:

" * * * In any suit under this or any other section of this subchapter the court may, in its discretion, require an undertaking for the payment of the costs of such suit, including reasonable attorney's fees, and if judgment shall be rendered against a party litigant, upon the motion of the other party litigant, such costs may be assessed in favor of such party litigant (whether or not such undertaking has been required) if the court believes the suit or the defense to have been *without merit*, in an amount sufficient to reimburse him for the reasonable expenses incurred by him, in connection with such suit, such costs to be taxed in the manner usually provided for taxing of costs in the court in which the suit was heard." (Emphasis supplied)