**OIL & GAS INCOME, INC., Appellant,**

v.

**O. B. TROTTER, Appellee.**

**No. 24961.**

United States Court of Appeals
Fifth Circuit.

May 27, 1968.

Rehearing Denied June 20, 1968.

Howard W. Lenfant, Lenfant & Villere, Walter R. Fitzpatrick, Jr., New Orleans, La., for appellant.

Elizabeth R. Haak, Milling, Saal, Saunders, Benson & Woodward, New Orleans, La., for appellee.

Before THORNBERRY, AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

This matter involves the taxing of attorneys' fees as costs and is before us the second time. On the prior occasion (see Oil & Gas Income, Inc. v. Woods Exploration & Producing Co., 5 Cir., 1966, 362 F.2d 309), we remanded the case because there were no express findings and conclusions by the District Court on which we could determine whether its award of an attorney's fee of $3,000 was correct. Though we remanded the case "for hearing and action in accordance with this ruling," we stated:

> "Obviously, we do not intend by our ruling here to require that the District Court try this case on its merits in order to determine whether it was 'without merit,' for we feel that this may be done largely from the Court's knowledge of the case acquired through the numerous hearings held."

The District Judge properly construed our opinion as requiring only that he make findings of fact and conclusions of law and that he also make the finding required by 15 U.S.C. § 77k(e). This subsection authorizes the Court to tax attorneys' fees as costs in its discretion "if the court believes the suit or the defense to have been without merit." The Court has now complied with our mandate by making findings of fact and conclusions of law and by specifically concluding that the suit lacked merit, thus satisfying the requirements of 15 U.S.C. § 77k(e). The District Court found that an award of attorneys' fees was proper under the circumstances and held:

> "The Court finds that this suit lacked merit and was so far without basis as to justify the award of attorneys' fees. Although plaintiff claims it voluntarily dismissed its suit, it did so only after lengthy proceedings in this court and then only when it was required to file a bond in proper form. Defendant Trotter was put to much expense and trouble in defending this

suit. Under the circumstances, the award of $3,000.00 for attorneys' fees is reasonable."

We are unable to say that the Trial Court's findings violated the clearly erroneous rule (Rule 52(a), Fed.R.Civ.P.), for we believe his holding was clearly an exercise of a reasonable discretion. In our view the District Court complied with our mandate, and the judgment is, therefore,

Affirmed.