**Jack ROTHENBERG and Shirley Rothenberg, Plaintiffs-Appellants,**

v.

**SECURITY MANAGEMENT COMPANY, INC., et al., Defendants-Appellees.**

**No. 82–8748**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 19, 1984.

Rehearing and Rehearing En Banc
Denied Aug. 24, 1984.

Andrew J. Ekonomou, Atlanta, Ga., for plaintiffs-appellants.

J. Michael Lamberth, Atlanta, Ga., for Security, et al.

John M. Graham, III, Rome, Ga., for Invesco.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

Appellants, Jack and Shirley Rothenberg, appeal from the district court's award of attorneys' fees to appellees, Security Management Co., et al. Both Jack and Shirley had filed individual actions, on their own behalf, and derivative actions, putatively on behalf of the corporation, against appellees. Their derivative actions were dismissed, and the district court awarded attorneys' fees to appellees, finding that appellants had brought and pursued the derivative actions in bad faith. The district court entered judgment separately against Jack in the amount of $3,541.79 and against Shirley in the amount of $77,919.28. In this appeal, appellants contend that both the basis for, and calculation of, the attorneys' fees award constitute error warranting reversal and/or remand.

A. *Basis for the Award*

Under the traditional "American rule," attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor. *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 717, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475, 478 (1967). Courts, however, have developed a "bad faith" exception to this general rule. Fees will be awarded if a party or attorney[1] acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703, 714 (1974).

In the instant case, appellees sought attorneys' fees on two grounds. First, they urged the district court to award fees based upon a statute, O.C.G.A. § 14-2-123(f), which provides that "upon final judgment and a finding that the [derivative] action was brought [by the plaintiff] without reasonable cause, [the court] may require the plaintiff or plaintiffs to pay to

1. *See Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766-67, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488, 501-02 (1980).

the parties named as defendant the reasonable expenses, including fees of attorneys, incurred by [the defendant] in the defense of such action." Alternatively, appellees suggested that the "bad faith exception" warranted an award of attorneys' fees under the circumstances of this case. Finding that appellants had acted in "bad faith," the district court awarded attorneys' fees on the latter ground. Appellants now contend that the factual findings of the district court are inadequate to support a fee award on this basis.

■ Federal Rule of Civil Procedure 52(a) provides that "[i]n all actions tried upon the facts without a jury ..., the court shall find the facts specially and state separately its conclusions of law thereon...." These findings may "appear in an opinion or memorandum of decision filed by the court." *Id.* Such findings are designed to aid appellate courts in reviewing the decision below, but they are not a jurisdictional requirement of appeal. *Armstrong v. Collier*, 536 F.2d 72, 77 (5th Cir.1976). Thus, while a district court's failure to comply with Rule 52(a) complicates review, reversal is unnecessary if a full understanding of the question presented may be had without the aid of such findings. *See Gupta v. East Tex. St. Univ.*, 654 F.2d 411 (5th Cir.1981). On the other hand, an appellate court will normally vacate the judgment and remand the action for appropriate findings where "the finding of fact and conclusions of law are mere conclusory statements and do not fully address all the issues raised in the litigation." 5A *Moore's Federal Practice* ¶ 52.06[2].

In the instant case, a remand is appropriate. The district court's findings can be broken down into two sets. In the first set, the court recited those facts which supported dismissal of both Jack's and Shirley's derivative actions: Jack did not own stock in the corporation at the time the derivative suit was filed and Shirley had not read the complaint, had no personal knowledge of the facts surrounding the allegations made in the complaint, and "displayed an obvious unwillingness to learn about the suit by not acquiring more than a rudimentary understanding of the case." [2] The second set of findings relates to appellants' motive for bringing the suit: the Rothenbergs brought the derivative actions as "leverage" to enhance their personal claims. (Supplemental Record at 62–63). Based upon its finding that the derivative actions were brought as leverage, the district court found that appellants had acted in bad faith.

■ In determining the propriety of a bad faith fee award, "the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case." [3] In the instant case, only the second "set" of findings focuses on the proper inquiry.[4] This second set, however, contains "mere conclusory statements." *Moore's, supra.* The district court found that "[w]ithout question" Mr. Rothenberg brought the derivative action "to enhance his personal claims ..." and that "[t]he entire record of this case points to [the] conclusion ... [that] Mrs. Rothenberg filed this action as an attempt to enhance her personal claims...." In a case, such as this one, which has dragged on for more than six years and produced a voluminous record of thousands of pages, such bald assertions provide no meaningful basis for

---

**2.** This court made all of these observations in affirming the dismissal of Shirley's suit. *See Rothenberg v. Security Management, Inc.*, 667 F.2d 958 (11th Cir.1982).

**3.** Green, *From Here to Attorney's Fees: Certainty, Efficiency, and Fairness in the Journey to the Appellate Courts*, 69 Cornell L.Rev. 207, 279–80 (1984).

**4.** While the district court's reliance on this court's finding that Shirley had not read the complaint, was not familiar with the facts surrounding the allegations made in the complaint, and that she had not learned about the case arguably focuses on her "conduct," under the circumstances of this case, those findings relate to the validity of the case rather than the bad faith of appellant. This court made those observations in concluding that Shirley was incapable of adequately representing other shareholders in a derivative action. Her "conduct," therefore, was a basis for finding the claim invalid, not for finding bad faith.

this court to review the ultimate finding of "bad faith." Therefore, the case is remanded for the district court to indicate the factual basis for its ultimate conclusion. *Cf. Fortner v. Balkcom,* 380 F.2d 816, 821 (5th Cir.1967) (conclusory findings of district court that defense counsel's decisions not to present critical witnesses were in the nature of "trial tactics" without any findings concerning the lawyer's actual activities did not satisfy the requirements of Rule 52(a)).[5]

### B. *Calculation of the Award*

 The district court awarded attorneys' fees to three different counsel teams. Each team submitted affidavits in support of the dollar amounts claimed as reasonable fees. Counsel for defendants Rose and Stern provided detailed affidavits itemizing each aspect of their services to their clients, and the district court correctly observed that these affidavits provided the court "sufficient information to determine whether the fees and costs requested are reasonable." Supp.R. at 64. However, the district court was also correct in observing that

> The affidavits and documents filed by counsel for [Invesco International, Inc.] and counsel for Burke and the Davises are no more than self-serving, conclusory statements that the amounts requested are reasonable. Counsel for these defendants did not adequately itemize what

services were rendered, the amount of time involved for each segment of the case, what documents were prepared, etc.

*Id.* Appellants are correct in asserting that in view of such admittedly insufficient documentation, the district court erred in nonetheless calculating an award. *See King v. McCord,* 621 F.2d 205, 206 (5th Cir.1980).

Accordingly, the fee award should be vacated with instructions to the district court to (1) make factual findings which support the conclusion that appellants brought their derivative action as "leverage" for their personal claims,[6] and (2) base its calculation of the award upon adequate documentation of the services rendered by counsel for Invesco and Burke and the Davises.

VACATED and REMANDED.

---

**5.** Rule 52(a) does not, contrary to appellants' suggestion, require the district court to cite to the record. In this case, however, it is necessary for the district court to lay the factual predicate for its conclusion that the derivative action was used as leverage for appellants' personal claims. Given the volume of the record in this case, one helpful suggestion may be for the district court to request proposed findings of fact from the parties. *See, e.g., Ramey Constr. Co. v. Apache Tribe,* 616 F.2d 464, 468 (10th Cir.1980). Furthermore, should the district court, upon remand, reconsider its position and determine that a finding of "bad faith" may not be appropriate even if appellants had used the derivative action as leverage for their personal claims, *see, e.g., Owen v. Modern Diversified Indus.,* 643 F.2d 441 (6th Cir.1981) (stockholder who brought derivative action principally to protect his investment in corporate debentures

could not maintain derivative action, but did not act in bad faith), the district court could consider the propriety of an award under O.C. G.A. § 14–2–123(f). An award pursuant to this statute, however, would require a specific finding, and adequate underlying factual findings, that appellants' derivative action was brought "without reasonable cause." *Cf. Oil & Gas Income, Inc. v. O.B. Trotter,* 395 F.2d 753 (5th Cir.1968) (affirming an award of attorneys' fees under 15 U.S.C. § 77k(e) only after the district court specifically found that the suit had been brought "without merit").

**6.** Alternatively, the district court should make sufficient findings to support a conclusion that the actions were brought "without reasonable cause" within the meaning of O.C.G.A. § 14–2–123(f). *See* note 5, *supra.*