**DEVICES FOR MEDICINE, INC.,**
Plaintiff-Appellant,

v.

John BOEHL, Cardiovascular Instruments, Inc. and Orlando Regional Medical Center, Inc., Defendants-Appellees.

No. 87–1082.

United States Court of Appeals,
Federal Circuit.

June 24, 1987.

Herbert L. Allen, Duckworth, Allen & Dyer, P.A., Orlando, Fla., argued for plaintiff-appellant.

John C. McNett, Woodard, Emhardt, Naughton, Moriarty & McNett, Indianapolis, Ind., argued for defendants-appellees. With him on the brief was Vincent O. Wagner.

Before MARKEY, Chief Judge, NEWMAN and BISSELL, Circuit Judges.

MARKEY, Chief Judge.

Appeal from a judgment of dismissal entered in response to a jury verdict that Devices For Medicine, Inc. (DFM) was entitled to no damages because it failed to give to John Boehl, Cardiovascular Instruments, Inc., and Orlando Regional Medical Center, Inc. (BOEHL) the notice required by 35 U.S.C. § 287.[1] We affirm, find the appeal frivolous, and award attorney fees.

### Background

This is another bizarre appeal in which this court is asked to undo the tangles, twists, and turns created by appellant's counsel in the proceedings before the trial court. When a witch's brew has been stirred in the crucible of litigation, it is not the role of this court to strain the concoction for chestnuts left to burn through vincible ignorance of the law. Nor is it our role to conduct a review *de novo* of rulings on motions or to order entry of judgments on issues never presented to the jury or to the trial court.

DFM, as exclusive licensee of inventor P.O. Littleford, sued BOEHL for infringement of U.S. Patents No. 4,166,469, 4,243,-050, and 4,345,606. The patents disclose and claim apparatus ("introducers") and methods of using the introducers to insert medical devices in the human body. To limit the trial at hand to the sole question of whether DFM was entitled to any dam-

ages, BOEHL stipulated that it would not contest infringement or validity.

In a two-day trial, DFM presented its case. BOEHL submitted no evidence and presented no witnesses, but simply moved for a directed verdict and rested when its motion was denied. The jury found that DFM was not entitled to any damages. The district court then entered judgment dismissing the complaint.

■ DFM filed a motion under Fed.R. Civ.P. 59(e) for judgment that the patents were infringed and not invalid, relying solely on the stipulation. DFM also moved for a new trial under Rule 59(a) alleging error in an instruction, in a discovery order, and in the exclusion of certain exhibits. DFM filed no motion for directed verdict and no motion for judgment notwithstanding the verdict. DFM is therefore precluded from attacking the judgment on the basis of the sufficiency of the evidence. *See Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 297-98 (5th Cir.1978).

DFM charges the district court with "error" at virtually every step of the proceedings, making no distinction between "error" and "abuse of discretion." The six "errors" assigned are labeled by DFM as "Issues Presented for Review".

### Issues

(1) Did the district court abuse its discretion in denying DFM's motion for entry of a judgment that DFM's patents were infringed and not invalid?

(2) Did the district court abuse its discretion in denying a new trial sought on the basis of error alleged in its instruction on the § 287 notice requirement?

---

**1.** 35 U.S.C. § 287 reads:

Patentees, and persons making or selling any patented article for or under them, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In

the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

(3) Did the district court abuse its discretion in not issuing the permanent injunction requested in the original complaint?

(4) Did the district court abuse its discretion in overturning a magistrate's order to compel discovery?

(5) Did the district court abuse its discretion in excluding certain exhibits?

(6) Does the absence of findings, reasons, and cited authorities from rulings on pre- and post-trial motions require a remand for entry of findings, reasons, and authorities?

(7) Is the filing and prosecution of this appeal frivolous?

### (1) Dismissal

Without apparent recognition of the incongruity, DFM attempts to treat the stipulation for what it is not, asserting that it is *res judicata* and citing cases involving unconditional stipulations, cases indicating the deference due unconditional stipulations, and a case holding that *judgments* by stipulation and *consent* are entitled to *res judicata* effect.

The applicable stipulation appears in paragraphs F and G of the Pre-Trial Stipulation:

F.  Plaintiff's assertion that each and every claim in the patents in suit is valid is not contested by defendants. (As a reservation, defendants expressly state that this stipulation has been entered into solely for the purpose of simplifying the litigation of this action. Defendants expressly state their intention that this compromise stipulation not be considered to be binding in other litigation between these and other parties, it being defendants' understanding that, contrary to the stipulations, there is a substantially high likelihood that by this action plaintiff is prosecuting invalid patent rights fraudulently obtained in violation of the patent and antitrust laws.) (By stipulating to the first sentence of this paragraph F, plaintiff does not acquiesce in or agree to be bound by any of the limitations in defendants' reservation.)

Paragraph G is identical to paragraph F, except that "has been infringed by defendants" is substituted for "is valid" in the second line, and the substitution of "G" for "F" in the second parenthetical.

The district judge included this in his opening instruction to the jury:

The parties previously stipulated for *the purpose of this law suit* that the Plaintiff's patents are valid and are infringed. This means *the only purpose of the present trial is to determine whether and to what amount of damages should be awarded* to the Plaintiff for the infringements of each of the defendants. [Emphasis added.]

At trial, DFM's desperate and repeated effort to recast the stipulation as one that objectively established the patents as valid and infringed was repeatedly rebuffed by witness Boehl, a layman, who correctly viewed the stipulation as meaning only that validity and infringement were not "part of this case":

Q.  Well, in April of 1986 you changed your position and no longer contended that the patents were invalid or not infringed, is that correct?

A.  I think we were saying that it basically shouldn't be part of this case, that's what I understood it to be.

Q.  Well, you stipulated that the patents were valid and had been infringed, is that correct?

A.  I don't exactly think it means exactly that. It's my understanding that, you know, that shouldn't have been part of the case, that, you know, this is a matter that, you know, I'm a salesman, you sold them, you know, it's a matter of that rather than, you know, it shouldn't be considered part of it. That's my understanding of it anyway.

Q.  Well, you in effect, you understood, Mr. Boehl, that you have effective knowledge that the patents were valid and had been infringed? Do you understand?

A.  Say it again.

Q.  Do you understand by stipulating that the questions of validity and infringement are no longer an issue in this

case, you in effect acknowledge that the patent is valid and has been infringed?

MR. WAGNER: Your Honor, we object to the phrasing of that question. He is misinterpreting the meaning of the stipulation which your Honor—

THE COURT: Well, I think he's already answered the question.

MR. ALLEN: Thank you, your Honor.

By MR. ALLEN:

Q. Mr. Boehl, why did you not stipulate as you have now done at the time the lawsuit was filed in 1983?

A. Did not stipulate what?

Q. That the patent was valid, the three patents in the suit were valid and had been infringed?

A. I think, you know, that I have answered that. You know, this is, we're not stating that.

In disregard of all the foregoing, DFM continues before this court its disingenuous effort to pretend that a stipulation that validity and infringement are "not contested," entered "solely for the purpose of simplifying the litigation in this action," expressly stating BOEHL's intention not to be bound by it in other litigation, and expressing BOEHL's understanding that the patents are invalid, must have the same effect as a judgment. In its initial and reply briefs, DFM attempts to make a silk purse of a stipulated sow's ear by simply *ignoring* the record and referring to "stipulated findings on infringement and validity." DFM apparently harbors, here and elsewhere in its briefs, a forlorn hope that this court cannot or will not read anything but its briefs.

2. It is difficult to understand, for example, the last parenthetical statement. Surely, DFM could not expect thereby to be seen as having accepted a stipulation bearing reservations and then to have unilaterally revised the stipulation by expunging BOEHL's reservations.

3. The jury returned this unanimous verdict:
   JURY QUESTION # 1:
   What monetary amount, if any, do you award to Plaintiff for the infringements by Defendants BOEHL and CII?
   $0.00
   (Answer question 2 without regard to your previous answer).

■ The stipulation was inartfully drawn,[2] as was the opening instruction. BOEHL's answer to the complaint had denied infringement and asserted invalidity on six different grounds. That answer was never amended or abandoned. The district court could have appropriately entered an order under Fed.R.Civ.P. 42(b) separating the § 287 notice/damages issue for trial and reserving the infringement/validity issues for an ensuing trial before the jury if it had found for DFM in the first trial. That it did not do so, however, does not mean that the present pretrial stipulation forms a basis for issuing a judgment that the patents are infringed and not invalid.

In sum, the stipulation was clearly and only an effort to limit *this* trial to the § 287 notice/damages issue. The infringement and validity issues were never presented to the court or to the jury and no determination of those issues was ever made, by stipulation, consent judgment, at trial, or otherwise. There was and is, therefore, no basis in the record *or* in fact or law for DFM's spurious argument that the district court was required to enter a judgment that the patents were infringed and not invalid.

DFM says there was "no justifiable basis for entering the judgment of dismissal," yet the jury's "no damages" verdict not only formed a justifiable basis, it compelled entry of that judgment.[3]

The district court committed no abuse of discretion in denying DFM's motion for entry of a judgment that the patents were infringed and not invalid, and properly entered an order of dismissal on the jury verdict in this case.[4]

2. JURY QUESTION # 2:
   What monetary amount, if any, do you award to Plaintiff for the infringements by Defendant ORMC?
   $0.00
   SO SAY WE ALL

4. DFM specifically asks this court to direct the district court to enter an amended judgment *nunc pro tunc* that its patents "are adjudged to have been infringed" and "have not been shown to be invalid." The request is incredible, there having been no trial or judging whatever of those issues. Similarly, DFM makes an unsupportable request to this court that it order an

### (2) Instruction

The district court gave this instruction on the section 287 notice requirement:

> Before you make any finding that the plaintiff is entitled to any damages you must first determine the plaintiff's licensees have marked the licensed introducer with the proper patent notice. In the event you find there was a failure to mark a proper patent notice in the license introducer by any of the plaintiff's licensees the plaintiff cannot recover damages unless the plaintiff can show that the defendants were notified and were aware that the method was an infringement. Notice is not required on the method claims as to an infringement but must be marked on an appliance.

When DFM objected to an earlier instruction, the court amended the last sentence as appears above. DFM made no further objection, but argues on appeal that the stipulation of infringement made notice unnecessary, that John Boehl admitted "knowledge of the patents," and that notice is not required when the patent contains method claims, *citing Bandag, Inc. v. Gerrard Tire Co.*, 704 F.2d 1578, 1581, 217 USPQ 977, 979 (Fed.Cir.1983), and *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1083, 219 USPQ 679, 685 (Fed.Cir. 1983).

Assuming, *arguendo*, that DFM had preserved its objection, its arguments on this appeal are meritless. As above indicated, the stipulation was entered solely for the purpose of this trial. Made after it had participated in the trial on notice, DFM's suggestion that notice was rendered unnecessary by the stipulation is simply irrational. Absent notice, BOEHL's "knowledge of the patents" is irrelevant. Section 287 requires "proof that the infringer was *notified of the infringement*" (emphasis ours). In *Bandag*, and in *Hanson*, this court specifically noted a distinction between cases in which only method claims are asserted to have been infringed and cases like the present case, where DFM alleged infringement of all its apparatus and method claims.

In sum, the record of the trial makes clear that DFM had a full and fair opportunity to present its case to the jury. In doing so, it failed to carry its burden of convincing the jury that it had performed affirmative acts in compliance with § 287. DFM's licenses did not require its licensees to mark the introducer product and there was no evidence that any product ever bore a patent marking. The claimed method is the use of the product. Having sold the product unmarked, DFM could hardly maintain entitlement to damages for its use by a purchaser uninformed that such use would violate DFM's method patent. Because DFM did not present to the jury an adequate evidentiary basis on which it could have based a contrary verdict, any error in the instruction given, if error there were, was necessarily harmless. As this trial was, trials must be fair, not perfect. The district court did not abuse its discretion in denying the motion for new trial DFM filed on the basis of alleged error in the instruction.

### (3) Permanent Injunction

DFM says the district court should have remembered the request in its complaint and issued a permanent injunction because "validity and infringement were stipulated." The argument is as fallacious here as it was when made in relation to DFM's demand for a judgment of validity and infringement discussed at (1) above. There was clearly no basis for an injunction and no abuse of discretion on the part of the district court in not issuing an injunctive order.

### (4) Magistrate Order

Confronted with BOEHL's dispositive motion for dismissal on *de minimus* grounds, the district court overturned a magistrate's order compelling discovery sought by DFM. After BOEHL's motion was denied, there remained a period of

---

amendment, presumably to add "patents held valid and infringed" to the perfectly truthful "Judgment for Defendants" notice sent by the Clerk of the District Court to the Commissioner of Patents and Trademarks.

three weeks until the May 9, 1986 date then set for close of discovery. DFM did nothing. It did not renew its request, or seek an extension of the May 9 date, or seek discovery by leave of court. Moreover, the discovery sought, as DFM's brief admits, was granted before trial. That it may have been unsuccessful cannot be related to the propriety of the much earlier action of the district court. It is clear on this record that the district court did not abuse its broad discretion in overturning the magistrate's order. *See Heat & Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1022, 228 USPQ 926, 930 (Fed. Cir.1986).

### *(5) Exclusion of Exhibits*

■ At trial, DFM attempted to introduce publications that bear one of the patent numbers. On appeal, it describes those publications as having been inserted by one of its licensees in a box of patented introducers shipped to one of the defendants.[5] DFM says it informed BOEHL of its intent to introduce the documents, Exhibits 11C–E, a few days before trial, when DFM delivered to BOEHL's counsel some 2000 unmarked documents with a note that its trial exhibits were in there somewhere. It is well settled that documents not marked and identified before trial may be excluded. The district court had entered a pretrial exclusion order because of DFM's repeated failures to comply with pretrial orders entered under Rule 16, Fed.R.Civ.P., failures DFM simply ignores in its briefs here.

BOEHL argues also that DFM's failure to formally offer the documents in evidence, or to make an offer of proof, render the exclusion non-reviewable under Rule 103(a)(2), Fed.R.Evid. DFM says its colloquy with the trial court was a "proffer", but nowhere points to an offer into evidence, or to an offer of proof, being content to argue here that BOEHL should have produced the documents DFM belatedly obtained from its own licensee.

In light of any or all of the foregoing facts, the district court's exclusion order was well within its wide discretion in managing pretrial conduct and controlling the conduct of the trial. DFM falls far short of establishing that the challenged exclusion constituted an abuse of discretion.

### *(6) Findings and Authorities*

■ Demanding a remand for "entry of appropriate findings," DFM attacks the district court for what DFM repeatedly calls "rubber stamp" orders and argues that the court was required to supply findings, reasons, and authorities in denying DFM's Rule 59(e) motion for judgment of validity and infringement, in "failing" to grant the injunction requested in DFM's complaint, in denying DFM's Rule 59(a) motion for a new trial, in entering judgment of dismissal, and in overturning the magistrate's discovery order. The argument is specious.

Writing in the vacuum it creates by ignoring the jury verdict, DFM begins by quoting only that part of Rule 52(a) referring to "actions tried upon the facts without a jury" (which, obviously, the present action is not), and simply ignoring that part of the Rule that says findings "are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)."

Remaining oblivious to the record, DFM goes on to cite cases requiring findings "where the court renders judgment of involuntary dismissal ... in any non-jury action", and makes no effort whatever to show any basis on which the district court could have *refrained* from entering a judgment of dismissal after the jury's "no damages" verdict in this jury action.

---

5. DFM mis-cites to the appendix and mischaracterizes the testimony of its witness Keezel, who described the publications as "just handouts" and "just literature", and who did *not*, as DFM's brief says she did, describe the publications as "instruction manuals delivered by Plaintiff's licensee to Defendant ORMC". DFM included 30 pages of Keezel's testimony, all of which the court had to read to find the *two* pages that even remotely approached the sole issue in the trial. If the publications described by Keezel had been admitted they could not have established the notice required by § 287.

DFM then says this court is unable to judge the propriety of the district court's rulings without the presence of findings, reasons, and authorities. The contrary is true. DFM cites cases holding that findings are required in support of rulings on motions involving factual issues the resolution of which is not clear on the record, yet it describes no such factual issues here and there are none. The record fully supports each challenged exercise of the district court's discretion, and it was unnecessary for the district court to have stated what is obvious to one with knowledge of the record and the law. BOEHL cited to us, and DFM ignored in its reply brief, numerous authorities for the proposition that findings, reasons, and authorities are not required when, as here, relevant facts are not in dispute, a full understanding may be had without them or the record presents no genuine fact issue.[6]

### (7) Frivolity

BOEHL's motion for dismissal on *de minimus* grounds was denied because DFM created an issue of fact by asserting to the trial court that there was a $10,000 minimum annual royalty payable by its licensees. DFM established no such minimum royalty at trial. On appeal, DFM says nothing of any minimum royalty, but now says the case cannot be *de minimus* because hospitals charge $6,000 for operations in which its introducers are and have been used, but DFM supplies no connection, and the record reflects none, between DFM's introducers and that overall charge for hospital services.

Moreover, DFM simply ignores the rule of law that implies a license to practice its claimed method to anyone who purchases one of its claimed introducers. *See Met-Coil Systems Corp. v. Korners Unlimited, Inc.*, 803 F.2d 684, 231 USPQ 474 (Fed.Cir. 1986). It is undisputed that DFM's licensees pay a royalty of $2.25 on each introducer they sell, that all three defendants,

immediately on receipt of notice of infringement, ceased purchasing introducers from anyone not licensed by DFM, and that, if the jury had found that any damages were due DFM, and if the judgment were for DFM after a full trial on infringement and validity, the total payable by all three defendants would *total* $285.75. BOEHL cites that trivial amount as the basis for the stipulation to attempt resolution of the dispute in a trial on the damages issue, a basis far less burdensome to the litigants.

Treating BOEHL's description of the foregoing facts as though it were a request for reversal of the denial of BOEHL's motion, DFM says the *de minimus* "issue" is not before us because BOEHL abandoned it by failing to present it to the jury or to file a cross-appeal. DFM quotes the trial court's opening instruction (quoted *supra*) in arguing that the trial was limited to the damage issue. Again, DFM is oblivious to the incongruity in its insistence on this appeal that judgment should be entered on validity and infringement issues not presented to the jury, but that BOEHL abandoned the *de minimus* issue because it was not presented to the jury.

BOEHL described the *de minimus* nature of the case as part of the Statement of Facts in its brief in this court, *not* as an "issue" for our decision. Hence, we need not and do not decide it.

■ The trivial amount of potential damages in this action, however, coupled with DFM's spurious and specious arguments and its distortion and disregard of the record and opposing authorities, indicate plainly that the present appeal does not rest on the razor's edge of frivolity, but falls clearly on the side of the frivolous. Weighing the scales heavily in favor of access to the courts, and hesitating to assume that DFM's conduct in filing and presenting this appeal is merely a reflection of monumental incompetence, we are

---

**6.** *Seattle Box Co. v. Industrial Crating & Packing, Inc.*, 756 F.2d 1574, 1578, 225 USPQ 357, 360 (Fed.Cir.1985); *ACS Hosp. Sys., Inc. v. Montefiore Hosp.*, 732 F.2d 1572, 1578, 221 USPQ 929, 933, (Fed.Cir.1984); *Richmond Leasing Co. v.* *Capital Bank*, 762 F.2d 1303, 1313 (5th Cir. 1985); *Rothenberg v. Security Management Co.*, 736 F.2d 1470, 1472 (11th Cir.1984); *Gulf Towing Co. v. Steam Tanker, Amoco N.Y.*, 648 F.2d 242, 245 (5th Cir.1981).

nonetheless left, *sua sponte*, with a firm conviction that DFM's conduct constitutes an unequivocal exhibition of a bad faith abuse of the judicial process. Accordingly, we impose a sanction under Rule 38, Fed.R. App.P., and require that DFM pay BOEHL the attorney fees BOEHL incurred on this appeal.[7]

## CONCLUSION

The rulings appealed from are affirmed in all respects. Sanction imposed.

AFFIRMED—SANCTION IMPOSED.

NEWMAN, Circuit Judge, concurring in part.

I join in affirming the judgment of the district court, but I would not impose the Rule 38 sanction.

The defendants chose not to contest validity or infringement, and represent that all infringing activities have ceased. Plaintiff sought judicial action to ensure that they will remain ceased. I do not think it was improper to ask. Further, the notice issue was not black-and-white, especially with respect to the method claims, and neither side abstained from questionable maneuvers concerning discovery. I do not think that appellant's request for our review, although admittedly a lost cause, was so villainous as to justify the level of castigation heaped upon it.

The eye of the bench falls upon many erroneous, inartful, specious, often exotic arguments, perhaps the last gasp of an appellant facing the awesome burden of an appeal, and set against the sweet reason with which the appellee supports the judgment appealed from. Appellant's counsel should not be personally impugned for taking an appeal, as of right, and presenting losing arguments, as here.

---

7. DFM's patents are currently in litigation in another court. A hope that entry of a judgment of validity ordered by this court might prove useful in that litigation would form no proper basis for burdening this court with the present appeal.