## UTILITY ELECTRIC SUPPLY, INC. Plaintiff–Appellant,

v.

## ABB POWER T & D CO., INC., Defendant–Appellee.

### No. 94–1094.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1994.

Decided Sept. 27, 1994.

Thomas E. Simmons, Rapid City, SD, argued, for appellant.

Michael B. Waitzkin, Washington, DC, argued (Robert I. Dodge, on the brief), for appellee.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and MELLOY *, Chief District Judge.

* The HONORABLE MICHAEL J. MELLOY, Chief United States District Judge for the Northern District of Iowa, sitting by designation.

JOHN R. GIBSON, Senior Circuit Judge.

Utility Electric Supply, Inc. appeals from summary judgment on its claim against ABB Power T & D Company, arguing that electrical equipment manufactured by ABB and distributed by Utility is "industrial equipment" under the South Dakota Franchise Act, Chapter 37–5. S.D.Codified Laws Ann. § 37–5 (1994). Utility argues that its relationship with ABB is entitled to protection under the Franchise Act. The district court[1] held that it was not; we affirm.

■ We review de novo a district court's interpretation of state law and give it no deference. *Salve Regina College v. Russell,* 499 U.S. 225, 239–40, 111 S.Ct. 1217, 1225–26, 113 L.Ed.2d 190 (1991). Since no South Dakota decision controls this case, we apply the Act as we believe South Dakota courts would. *See Tucker v. Paxson Machine Co.,* 645 F.2d 620, 624 (8th Cir.1981).

■ Under Rule 56(c), summary judgment can be granted only if the moving party shows "that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In making this determination, we review the evidence in the light most favorable to the opposing party, drawing all reasonable inferences in its favor. *Federal Deposit Ins. Corp. v. Virginia Crossings Partnership,* 909 F.2d 306, 309 (8th Cir.1990).

Since the 1950s, Utility distributed equipment manufactured by ABB and ABB's corporate predecessor. The most recent distributorship agreement covered the period from December 1, 1990, to December 1, 1991, and contained a 30–day at-will termination provision which could be utilized by either party. At the end of the contractual term, the parties did not reexecute or extend the agreement. Rather, they operated as if the agreement were still in effect.

On July 6, 1992, ABB notified Utility in writing that it was terminating the agreement in 30 days. Utility then brought this action, claiming that ABB's termination violated the South Dakota Franchise Act. The Franchise Act applies to dealers "in motor vehicles, motorcycles, industrial and construction equipment, farm tractors or farm implements." S.D.Codified Laws Ann. § 37–5–3.

Because Utility distributed electrical products manufactured by ABB, the only question in this case is whether those products were "industrial equipment" under the Act.

The district court concluded that Utility's business was not covered by the plain meaning of the South Dakota Franchise Act, Chapter 37–5. S.D.Codified Laws Ann. § 37–5. Rather, the district court held that the legislature intended the phrase "industrial and construction equipment" to apply to bulldozers, backhoes, cement mixers and items closely related to the other vehicle-type machines listed in the statutes.

■ Utility argues that the district court's holding is erroneous because Utility dealt in high-voltage, "industrial" equipment such as transformers, reclosures, meters, cutouts and arresters used in the transmission and distribution of electrical power. Utility argues that the equipment is used in the electric utility industry; that the court must give the language its plain, ordinary meaning; and that the district court's limitation of "industrial equipment" to vehicle-type machines lacks legal and factual support.

As originally enacted, the Act made no reference to "industrial and construction equipment." However, this phrase was inserted in the following year. The amendment was considered by the committee on banks, commerce, and insurance. The meeting minutes indicate the extent of the discussion as follows: "Its [sic] a bill to amend a bill passed last year in regard to franchises of implement dealers and automobile dealers. One segment was forgotten in the bill. Industrial and construction equipment." Minutes of Sen. Com. on Banks, Commerce and Insurance (Jan. 15, 1970). Although this history indicates a limited intention to expand the scope of the Act, it does not otherwise help to define "industrial equipment."

1. The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota.

South Dakota courts have set out a number of principles of statutory construction. *In re Famous Brands, Inc.*, 347 N.W.2d 882 (S.D.1984), instructs as follows:

> One of the primary rules of statutory and constitutional construction is to give words and phrases their plain meaning and effect. (Citation omitted.) This court assumes that statutes mean what they say and that legislators have said what they meant. (Citation omitted.) When the language of a statute is clear, certain, and unambiguous, there is no occasion for construction, and the court's only function is to declare the meaning of the statute as clearly expressed in the statute. (Citations omitted.)

*Id.* at 885.

■ In this case, we must ascertain the intended definition of "industrial equipment," a phrase capable of use in differing contexts with various meanings. Our efforts can be aided by application of the doctrine of *noscitur a sociis* which defines a word by the company it keeps. *Jarecki v. G.D. Searle & Co.*, 367 U.S. 303, 307, 81 S.Ct. 1579, 1582, 6 L.Ed.2d 859 (1961). *Noscitur a sociis* is "wisely applied where a word [or phrase] is capable of many meanings in order to avoid the giving of unintended breadth" to legislative acts. *Id.* Utility argues that, taken separately, the words "industrial" and "equipment" encompass ABB's products. Here, however, the words do not stand alone, but derive meaning from their context; the words must be read in their context. *Id.* Specifically, "[w]here any particular word is obscure or of doubtful meaning, taken by itself, its obscurity or doubt may be removed by reference to associated words and the meaning of a term may be enlarged or restrained by reference to the whole clause in which it is used." *State v. Douglas*, 70 S.D. 203, 16 N.W.2d 489, 494 (1944). When general words, such as "industrial equipment," are used in association with more specific words, such as motor vehicles, motorcycles, farm tractors, and farm implements, the general words take on a restricted meaning analogous to the more specific words. *Douglas*, 16 N.W.2d at 495.

■ The district court held that "industrial and construction equipment" is limited by the other vehicle-type machines listed in the Act. Reviewing this holding de novo and without deference, we conclude that the district court did not err. Our decision is supported by the doctrine of noscitur a sociis.

Finally, Utility argues that the district court improperly relied on the affidavit of Ronald G. Schmidt, a lawyer with extensive lobbying experience who expressed his opinion concerning the meaning of the phrase in question. We are not swayed by the affidavit, but believe its rejection does not help Utility's case.

We affirm.