The TORO COMPANY, Plaintiff,

v.

McCULLOCH CORPORATION and Shop–Vac Corporation, Defendants.

Civ. No. 3–94–664.

United States District Court, D. Minnesota, Third Division.

May 10, 1995.

**680**

Earl D. Reiland, David K. Tellekson and J. Derek Vandenburgh, Merchant, Gould, Smith, Edell, Welter & Schmidt, P.A., Minneapolis, Minnesota, for Plaintiff.

Edward M. O'Toole, Robert M. Gerstein and Danielle M. Johnston, Marshall, O'Toole, Gerstein, Murray & Borun, Chicago, Illinois, and of counsel Jeannine L. Lee and Scott M.

Rusert, Cosgrove, Flynn & Gaskins, Minneapolis, Minnesota, for Defendants.

## MEMORANDUM OPINION AND ORDER

KYLE, District Judge.

### Introduction

Plaintiff The Toro Company ("Toro") commenced this action against Defendants McCulloch Corporation and Shop–Vac Corporation (collectively "McCulloch") alleging McCulloch infringed upon its patent for a portable power blower/vacuum (the "'528 patent"). McCulloch's Answer and Counterclaim denied infringement and raised affirmative defenses of patent invalidity and unenforceability. This matter is currently before the Court on McCulloch's Motion for Summary Judgment on the issue of compliance with the marking requirements set forth in 35 U.S.C. § 287(a). McCulloch claims that Toro is barred from recovering damages for any infringing acts occurring prior to the filing of the Complaint in this suit because Toro's licensee sold products arising under the '528 patent and did not mark those products with the '528 patent number. For the reasons set forth below, the Court will deny McCulloch's Motion.

### Background

The factual background in this matter is fully set forth in the Court's November 25, 1994 Memorandum Opinion and Order denying McCulloch's Motion for Summary Judgment with respect to noninfringement of the '528 patent and will not be repeated here. The Court will, however, provide a summary and additional supplementation of those facts necessary to resolve the current Motion.

Toro's blower/vacuum[1] has a removable cover over the air inlet. The '528 patent discloses and claims a "safety switch" which prevents the motor and impeller from operat-

---

1. A blower/vacuum is a lawn care product which can be used to selectively blow or vacuum leaves and other debris. The basic elements of a blower/vacuum are a housing having an air inlet and an air outlet, an impeller located inside the housing, and an electric motor attached to the impeller. The motor rotates the impeller at high speeds. As a result, the impeller sucks air in through the air inlet and expels it out through

the outlet. When used as a blower, a tube is placed over the outlet. Air is then drawn in the air inlet and expelled through the tube so as to create a high velocity column of air. This air column can be directed by the user. When used as a vacuum, a vacuum tube is placed over the air inlet. A bag is placed over the air outlet and attached to the housing. Debris is then sucked up through the tube and expelled into the bag.

ing when the air inlet cover is removed and the impeller's rotating blades are exposed to the user, but allows the motor and impeller to operate when the cover is secured in place over the air inlet. This safety switch is claimed in independent claim 1 and dependent claims 2–15 of the '528 patent. (*See* Def.'s Mem. in Supp. of Mot., Ex. 1.) The '528 patent also discloses a performance enhancing ring or "pressure ring" invention; this pressure ring is disclosed in independent claims 16–17. The safety switch and the pressure ring are the subjects of McCulloch's present Motion.

The '528 patent was issued to Toro on September 22, 1987. In 1988 Black & Decker, Inc. ("Black & Decker") approached Toro seeking a license for (1) the safety switch disclosed in claim 1 and (2) the pressure ring disclosed in claims 16 and 17 of the '528 patent. (*See* Beattie Aff., Ex. B.) On May 23, 1991, Toro granted a license to Black & Decker authorizing it to make, sell, or use devices containing the safety switch.[2] (Def.'s Mem. in Supp. of Mot., Ex. 3.) Toro did not, however, grant Black & Decker a license to make, use or sell devices containing the pressure ring, and explicitly excluded all claims pertaining to the pressure ring from the license's scope. (*Id.*)

Black & Decker manufactured and sold blower/vacuums subsequent to the receipt of this license. McCulloch has presented evidence that Black & Decker sold blower/vacuums beginning in the fall of 1991, (*see* Gerstein Aff., Exhs. 4–10; Def.'s Mem. in Supp. of Mot., Ex. 4), and contends that a significant number of Black & Decker blower/vacuums have been sold since that time. Toro concedes that Black & Decker blower/vacuums have been sold prior to its commencement of this action on June 1, 1994, but alleges that McCulloch has not demonstrated that a substantial number of such blower/vacuums were sold during this period. (Pl.'s Reply Mem. in Opp. to Mot. at 7 n. 6.) McCulloch has also presented evidence that some of the Black & Decker blower/vacuums sold during this period do not contain a marking of the '528 patent number. (Berfield Aff. ¶ 5; Def.'s Mem. in Supp. of Mot., Ex. 4.)

The parties dispute whether the Black & Decker blower/vacuums sold prior to June 1, 1994, include the safety switch disclosed in claim 1 of the '528 patent and authorized for manufacture and distribution in the May 23, 1991 license agreement. McCulloch contends that the Black & Decker blower/vacuums contain every element of the safety switch disclosed in claim 1 of the '528 patent. Toro alleges that, although licensed, Black & Decker did not use its patented safety switch. McCulloch does not allege that the Black & Decker blower/vacuums contain the pressure ring disclosed in independent claims 16 and 17 of the '528 patent.

In its present lawsuit, Toro accuses McCulloch of infringing upon its patented pressure ring; Toro does not allege that the McCulloch blower/vacuums contain its patented safety switch. Toro claims that it marked the '528 patent number on all of its patented blower/vacuums shortly after receiving the '528 patent, and has subsequently continued to properly mark its blower/vacuums without interruption. (*See* Seegers Aff. ¶¶ 5–6; Swain Aff. ¶¶ 4–7.) Toro further alleges that the only blower/vacuums containing its patented pressure ring which have not been marked are those that have been unlawfully produced by McCulloch and other infringers. (Swain Aff. ¶ 6.)

**Discussion**

*I. Standard of Review*

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. Under that Rule:

> [summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving par-

---

**2.** Toro granted this license for $3,000. (Def.'s Mem. in Supp. of Mot., Ex. 3.) Toro contends that this consideration was "nominal" and that it granted the license because "it had a moral duty to make the safety switch available to competitors for the sake of public safety." (Pl.'s Mem. in Opp. to Mot. at 6.)

ty is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Initially, the movant bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In evaluating the movant's showing, the evidence offered by the non-moving party is to be believed and all justifiable inferences therefrom are to be drawn in a light most favorable to that party. *Matsushita Elec. Indus. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1357, 89 L.Ed.2d 538 (1986); *Kornblum v. St. Louis County*, 48 F.3d 1031, 1034 (8th Cir. 1995). Where a moving party, with whatever it provides the court, makes and supports a motion for summary judgment in accordance with Rule 56, a party opposing the motion may not rest upon the allegations or denials of its pleadings; rather, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256, 106 S.Ct. at 2514; *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir.1995). However, the nonmovant is not obligated to prove in its favor an issue of material fact, *Unigroup v. O'Rourke Storage & Transfer*, 980 F.2d 1217, 1220 (8th Cir. 1992), and a summary judgment motion should be denied unless the court is convinced that there is no evidence to sustain recovery in any circumstances, *Kornblum*, 48 F.3d at 1034.

## II. Analysis

■ McCulloch contends that Toro is barred from recovering damages for any alleged infringement of the '528 patent occurring prior to the commencement of this suit on June 1, 1994. McCulloch's Motion is predicated on 35 U.S.C. § 287(a), which prohibits a patentee from recovering damages in an infringement action unless (1) persons making or selling a "patented article" mark it with the words "patent" or the abbreviation "pat." together with the number of the patent or (2) the patentee or other person notified the infringer of the infringement, in which case damages may be recovered only for infringement occurring after such notice. McCulloch claims that the Black & Decker blower/vacuum is an unmarked "patented article" under § 287(a) and that it did not receive notice of its alleged infringement until it was served with Toro's Complaint. McCulloch accordingly claims that Toro may not seek damages for infringement occurring prior to June 1, 1994.

Toro contends that the '528 patent contains two separate inventions; (1) the safety switch disclosed in claim 1 and (2) the pressure ring disclosed in claims 16 and 17. Based upon this, Toro has made several arguments in response to McCulloch's Motion. First, Toro argues that the Black & Decker blower/vacuum does not contain its patented pressure ring and thus is not a § 287(a) "patented article" for the purposes of Toro's right to recover in an action relating solely to infringement of the pressure ring invention. Second, Toro argues that even if it is required to mark products containing its safety switch in order to recover for infringement of its pressure ring, the Black & Decker blower/vacuum does not contain its patented safety switch. Finally, Toro alleges that it has substantially complied with § 287(a)'s marking requirements and that McCulloch has failed to meet its burden to show a significant number of Black & Decker products containing its patented safety switch have been made or sold. The Court need only reach the first of these three arguments.

The threshold issue presented in this Motion is whether § 287(a) applies to limit recovery in a patent infringement action when an unmarked article, which has been made or sold, contains one of the inventions disclosed in the patent but does not contain the invention of the predicate suit. Resolution of this issue requires an interpretation of the scope of § 287(a). Section 287(a) provides, in pertinent part:

Patentees, and persons making or selling *any patented article* ... may give notice to the public that the *same* is patented [by marking]. In the event of failure to so mark, no damages shall be recovered by the patentee in *any action for infringement*, except on proof that the infringer was notified of the infringement.

35 U.S.C. § 287(a). Toro contends that the phrase "any action for infringement" refers to any action for infringement relating to the above referenced unmarked, "patented article." Thus Toro argues that the unmarked "patented article" upon which McCulloch bases its § 287(a) argument is a blower/vacuum which contains its patented safety switch. Under Toro's construction of § 287(a), Toro would therefore be precluded from recovering damages in an infringement action from a party who makes or sells blower/vacuums which infringe on its safety switch if Toro (or its licensee) made or sold unmarked blower/vacuums containing this patented safety switch. Toro argues that a blower/vacuum which contains its pressure ring is, however, a separate "patented article" under § 287(a). Accordingly, Toro argues that its right to recover in an infringement action against a party who makes or sells a blower/vacuum with its pressure ring is limited by § 287(a) only if it (or its licensee) has made or sold blower/vacuums with the pressure ring dis-

closed in the '528 patent without affixing the proper mark.

Alternatively, McCulloch argues that the phrase "any action for infringement" should be read without reference to the phrase "any patented article." Under McCulloch's proposed construction, § 287(a) limits damages in any action for infringement of any portion of the *patent,* not just an action for infringement based on the invention contained in the unmarked, patented article. Thus according to McCulloch, a patentee may not recover damages for infringement on any claims of a patent if a product containing an invention disclosed in a single claim of the patent has been made or sold and not properly marked.

The question presented by the parties is one of first impression.[3] After reviewing § 287(a)'s language and purpose, the Court finds Toro's construction of § 287(a) persuasive. Toro's construction is supported by structure and meaning of the terms employed in § 287(a). The phrase "any action for infringement" must be read in the context of § 287(a) generally[4]—there must be some referent upon which the "action for infringement" is based. The referent for the marking requirement is the "patented article," the logical referent for the infringement action should be the same "patented article." However, the term "patented article" does not necessarily include all "patented articles"

---

3. Several courts have considered the effect of § 287(a) on a "hybrid" patent which involves a claim for an apparatus and a claim for a method. In *Hanson v. Alpine Valley Ski Area, Inc.,* 718 F.2d 1075 (Fed.Cir.1983), the plaintiff owned a patent which claimed an apparatus for making snow and a method for making snow and sued the defendant for infringement of his patented method for making snow. Upon a finding that the defendant infringed plaintiff's patented method, the defendant moved to limit damages under § 287(a) on the grounds that plaintiff did not prove it marked the snow machines it sold; the court held that § 287(a) did not apply to method patents and did not limit the plaintiff's ability to recover on the method claims. *Id.* at 1082–83. In *Devices for Medicine, Inc. v. Boehl,* 822 F.2d 1062 (Fed.Cir.1987), the plaintiff sought damages for infringement of both apparatus and method claims; the court found that the plaintiff failed to properly mark the apparatus, and explained that "[h]aving sold the product unmarked, [plaintiff] could hardly maintain entitlement to damages for its use by a purchaser

uninformed that its use would violate [plaintiff's] method patent." *Id.* at 1066; *accord American Medical Sys. v. Medical Engineering Corp.,* 6 F.3d 1523, 1539 (Fed.Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 1647, 128 L.Ed.2d 366 (1994). According to the parties, no courts have considered whether the failure to mark one apparatus claim limits the patentee's ability to recover for infringement of a separate apparatus claim.

4. In order to ascertain the meaning of terms used in a statute, courts employ the doctrine of *noscitur a sociis,* which defines a term capable of several meanings by the words with which the term is associated. Applying this doctrine, the Eighth Circuit has explained that when the terms of a statute are capable of several interpretations, the words of a statute "do not stand alone, but derive their meaning from their context" and that "the meaning of a term may be enlarged or restrained by reference to the whole clause in which it is used." *Utility Elec. Supply, Inc. v. ABB Power T & D Co.,* 36 F.3d 737, 740 (8th Cir.1994) (citations omitted).

which may arise under a patent. A device is a "patented article" under a patent when it contains all of the elements disclosed in any *single claim* of the patent. Since a patent may encompass several independent claims, there may be several distinct "patented articles" which arise under that patent, each of which may be the subject of an independent infringement action.[5] *See Intervet Am., Inc. v. Kee–Vet Lab., Inc.,* 887 F.2d 1050, 1055 (Fed.Cir.1989) (explaining that "[a] patent is infringed if a single claim is infringed"). For the same reason, a patentee may make or sell different "patented articles" which arise under a single patent, some of which embody a "patented article" which has been consistently properly marked, and others which embody a different "patented article" which may not have been properly marked.[6] Since § 287(a) refers to a "patented article" which has not been properly marked, the logical reading of the statute indicates that the infringement action under which damages are limited is an infringement action based upon that same unmarked "patented article." Alternatively, there is no indication in the language of § 287(a) which suggests that the "patented article" referred to in the antecedent marking requirement in § 287(a) should be different from the "patented article" upon which an infringement action may be based referred to in the consequent of § 287(a).

■ This construction is also consistent with the purpose of § 287(a). The purpose of the marking requirement is to prevent "innocent infringement." *Wine Ry. Appliance Co. v. Enterprise Ry. Equipt Co.,* 297 U.S. 387, 394, 56 S.Ct. 528, 530, 80 L.Ed. 736 (1936)[7]; *see also MacPike v. American Honda Motor Co.,* 29 USPQ2d 1526, 1530, 1993 WL 632261 (N.D.Fla.1993) ("[t]he purpose of [§ 287(a)] is to prevent innocent infringe-

ment") (citing cases). The Supreme Court reiterated the purpose of the § 287(a) in *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.,* 489 U.S. 141, 109 S.Ct. 971, 103 L.Ed.2d 118 (1989), explaining that:

> The notice requirement is designed "for the information of the public," *Wine Railway Appliance Co. v. Enterprise Railway Equipment Co.,* 297 U.S. 387, 397, 56 S.Ct. 528, 531, 80 L.Ed. 736 (1936), and provides a ready means of discerning the status of intellectual property *embodied in an article of manufacture or design.* The public may rely upon the lack of notice *in exploiting shapes and designs accessible to all.*

*Id.* at 162, 109 S.Ct. at 983. Section 287(a) thus prevents innocent infringement by providing an incentive to patentees to notify the public that an article of manufacture or design which has been released into the public domain has not been dedicated to the public and may not be copied. *See Motorola, Inc. v. United States,* 1 Cl.Ct. 131, 134 (1983) ("[t]he purpose of [§ ] 287 is to protect the innocent infringer who would be lawfully copying the patented device, but for the unknown patent rights protecting the device"), *rev'd on other grds.,* 729 F.2d 765 (Fed.Cir. 1984). Extending the marking requirement to limit recovery in an infringement action for a defendant's unauthorized use of a patented device because the patentee failed to mark a different patented device does not further this purpose. An article which does not contain a device disclosed in an independent claim of a patent does not make that device "accessible to all" nor does it "embody" the intellectual property reflected in that device when that article is made or sold and not marked. If the device has not been released into public domain, there is mani-

---

5. For example, assuming the validity of the '528 patent, Toro may maintain an infringement action against (1) a party who made or sold a blower/vacuum which contains the safety switch disclosed in claim 1 but does not contain the pressure ring disclosed in claims 16–17, and (2) a party who made or sold a blower/vacuum which contains the pressure ring but does not contain the safety switch; the infringing blower/vacuums described in (1) and (2) are thus different "patented articles" which arise under the same patent.

6. For example, Toro may have properly marked all blower/vacuums which contain its pressure ring, but not marked all blower/vacuums which contain the safety switch.

7. The statute at issue in *Wine Railway* involved Revised Statute 4900, the predecessor statute to § 287(a). The Federal Circuit has considered cases interpreting Revised Statute 4900 "highly persuasive, if not controlling, on the meaning of the notice requirement of [§ ] 287." *Amsted Indus., Inc. v. Buckeye Steel Castings Co.,* 24 F.3d 178, 187 & n. 3 (Fed.Cir.1994).

festly no possibility of the public innocently copying or imitating that device. The fact that a product which contains an unrelated device arising under the same patent has been released does not change this result.

■ For the reasons set forth above, the Court finds that § 287(a) does not limit recovery in an action when an unmarked article, which has been made or sold, contains one of the inventions disclosed in the patent but does not contain the invention of the predicate suit. This finding is dispositive of McCulloch's present Motion. In this case, Toro has sued McCulloch for infringing on its patented pressure ring. Toro has presented evidence that it has properly marked all blower/vacuums which contain the pressure ring, and McCulloch has not challenged this evidence.

### Conclusion

Accordingly, based on the foregoing, and upon all the files, records and proceedings herein, **IT IS ORDERED** that Defendant's Motion for Summary Judgment barring recovery of damages for any infringing acts occurring prior to suit (Doc. Nos. 36 and 39) is **DENIED.**