835 F.Supp. 1127 (1993)
Robert KORNBLUM, Plaintiff,
v.
ST. LOUIS COUNTY, MISSOURI, et al., Defendants.
No. 4:92CV02167 GFG.
United States District Court, E.D. Missouri, E.D.
November 1, 1993.
Gerald M. Dunne, James F. Koester, Inc., St. Louis, MO, for plaintiff.
Robert E. Fox, Jr., Asst., Office of County Counselor, St. Louis, MO, for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on the motion of defendant St. Louis County (County) for summary judgment, plaintiff Robert Kornblum's (Kornblum) response, defendant's reply and amended reply and plaintiff's surreply thereto. Upon consideration of the memoranda, exhibits and affidavits on file, the Court finds the following undisputed facts. On February 8, 1988, plaintiff purchased property located at 9766 Nolte Avenue in St. Louis County. At the time, the property contained a single family residential structure which was in a state of disrepair.
In the spring of 1987, prior to plaintiff's purchase of the property, St. Louis County had initiated proceedings to declare the structure on the property a public nuisance. In March of 1987 a county building inspector *1128 visited the premises and found the building to be in a general state of disrepair. The inspector posted notices of the declaration of nuisance on the premises. The posting was repeated in June of 1987 when the inspector learned that the notices had been torn down.
The County obtained a title report which incorrectly listed Orville and Daisy Glendinning as owners of the property at 9766 Nolte. In fact, Orville and Daisy Glendinning were both deceased and the heirs of Daisy Glendinning had become the owners of the fee simple title to the property pursuant to a decree by the St. Louis County Circuit Court, Probate Division, issued January 8, 1987. The title report did not reflect transfer of title to the heirs.
A certified letter indicating the declaration of the property as a nuisance was sent to "Daisy Glendinning c/o Pat Andrew" on July 10, 1987. The notice was sent to Mr. Andrew because his name appeared on the County Collector's roles as the recipient of the real estate tax bills for the property at 9766 Nolte. Mr. Andrew received the certified letter. Thereafter on July 20, 1987 a declaration of nuisance relating to the structure at 9766 Nolte was published in a local newspaper, the Watchman's Advocate. On August 28, 1987 a notice of public hearing concerning the demolition of the structure was published in the same newspaper. The county also sent notice of the demolition hearing by way of certified mail to "Orville Glendinning c/o Pat Andrew". On October 1, 1987 the County convened a hearing to determine the state of the structure at 9766 Nolte. No representative of the property owners appeared. Following the testimony of a building inspector as to the dilapidated state of the structure and the efforts made to notify the property owners, the hearing officer concluded that the property was a public nuisance and issued an order of demolition.
On February 4, 1988 Kornblum purchased the property from the heirs of Orville and Daisy Glendinning. At the time of the purchase, he was unaware of the declaration of nuisance and the outstanding demolition order. Although section 125.4.3 of St. Louis County Ordinance No. 11,718 (1984) requires the recording of the declaration of nuisance with the County Recorder of Deeds, the declaration of nuisance relative to the 9766 Nolte property was not recorded and did not appear on the title report plaintiff obtained at the time he purchased the property. In April of 1988 the County demolished the structure pursuant to the October 1, 1987 demolition order. Plaintiff learned of the declaration of nuisance and demolition order only after the demolition had occurred.
In this action plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 claiming that the County's failure to comply with the notice provisions of St. Louis County Ordinance No. 11,718 resulted in the deprivation of his property without due process of law. Plaintiff asserts that it was the policy and custom of the County to disregard the recording requirement for declarations of public nuisance and demolition orders and to fail to investigate for subsequent purchasers.[1] The County concedes its failure to comply with the ordinance but asserts that the notice afforded was constitutionally adequate. In addition, the County asserts that plaintiff's claim is without merit because plaintiff had no interest in the property until after the issuance of the demolition order. In response plaintiff asserts that defendant's failure to record the declaration of nuisance with the County recorder of deeds as required by the ordinance deprived him of notice of the demolition order and ultimately resulted in the demolition of the structure without notice to him.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); First Security Savings v. Kansas Bankers Surety Co., 849 F.2d 345, 349 (8th Cir.1988); Agristor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.1987). In passing on a motion for summary judgment, a court is required to view the facts and inferences that reasonably may be derived therefrom in the light most *1129 favorable to the non-moving party. Holloway v. Lockhart, 813 F.2d 874, 876 (8th Cir.1987); Economy Housing Co. v. Continental Forest Products, Inc., 757 F.2d 200, 203 (8th Cir.1985). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Foster v. Johns-Manville Sales Corp., 787 F.2d 390, 392 (8th Cir.1986). As the Supreme Court has stated:
The inquiry performed is the threshold inquiry of determining whether there is the need for a trial  whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
It is undisputed that the County failed to record the declaration of nuisance and demolition order as required by the ordinance. Nevertheless, it is well established that the mere violation of a state statute or ordinance does not give rise to claim under section 1983. See, e.g., Rubek v. Barnhart, 814 F.2d 1283, 1285 (8th Cir.1987) (not every violation of state law committed by state official results in constitutional violation cognizable under section 1983). Although plaintiff has no constitutional entitlement to strict compliance with the letter of the ordinance, he is entitled to relief if he can demonstrate that the notice afforded him was constitutionally inadequate. In Mullane v. Central Hanover Bank, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), the Supreme Court set forth the standard for determining the constitutional adequacy of notice. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." Id. This standard has been interpreted to require only that notice be given "to a `reasonably ascertainable' party with an interest in the property at the time the action commenced." Nitchie Barrett Realty Corp. v. Biderman, 704 F.Supp. 369, 372 (S.D.N.Y.1988) (emphasis added) (citation omitted) (quoting Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983)).
It is undisputed that plaintiff acquired no interest in the property until four months after the issuance of the demolition order. He had no interest in the property at the commencement of the nuisance proceedings. There was, therefore, no constitutional requirement that plaintiff be afforded notice of the nuisance proceedings. Although the County failed to record the notice and order of demolition, its failure to do so does not amount to a due process violation. See United States v. Vohland, 675 F.2d 1071, 1076 (9th Cir.1982) (enforcement of unrecorded federal tax lien against bona fide purchaser for value who purchased without notice of lien does not violate due process clause of Fifth Amendment). On the basis of the foregoing, the Court concludes that the County is entitled to summary judgment with respect to plaintiff's section 1983 claim. In light of the Court's conclusion that plaintiff was not entitled to notice of the pendency of the proceedings, plaintiff's section 1983 claims against the two John Doe defendants must also fail.
Plaintiff also asserts three state law claims for trespass, abuse of process and slander of title. Pursuant to 28 U.S.C. § 367(c)(3) the Court declines to exercise its supplemental jurisdiction over these claims. Accordingly, Counts II, III and IV of plaintiff's complaint will be dismissed without prejudice.

ORDER AND JUDGMENT
IT IS HEREBY ORDERED that plaintiff's request for leave to amend his complaint by interlineation shall be and it is granted.
Pursuant to the memorandum filed on this date herein, IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the motion of defendant St. Louis County for summary judgment as to Count I of plaintiff's complaint shall be and it is granted. IT IS FURTHER ORDERED that plaintiff's claims against defendants John Doe and *1130 John Doe II shall be and they are dismissed. IT IS FURTHER ORDERED that plaintiff's claims for trespass, abuse of process and slander of title shall be and they are dismissed without prejudice.
NOTES
[1] This allegation is found at paragraph 5 of plaintiff's amendment by interlineation. The Court grants plaintiff leave to file this amendment by way of this order.