**Wali MUHAMMED, Appellant,**

**v.**

**ROUTH WRECKER SERVICE, Appellee.**

**No. 93–2613.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1993.

Decided Jan. 11, 1994.

Appellant was not represented by counsel.

Edward Glenn Adcock, Little Rock, AR, argued, for appellee.

Before JOHN R. GIBSON,* MAGILL, and BEAM, Circuit Judges.

---

* THE HONORABLE JOHN R. GIBSON assumed senior status on January 1, 1994.

PER CURIAM.

Wali Muhammed appeals the district court's [1] order granting Routh Wrecker Service's (Routh) summary judgment motion in this 42 U.S.C. § 1983 action. We affirm.

Muhammed filed a pro se complaint alleging that Routh, as a towing subcontractor for the State of Arkansas, towed a vehicle registered under the name of Leslie Lewis, but owned by Muhammed. Muhammed alleged that, while incarcerated, he discovered that the state had impounded his vehicle. Muhammed allegedly notified Captain Patilla of the Arkansas State Police that he wanted the vehicle returned to him upon release from prison. Following his release, however, Muhammed discovered that Routh had sold his vehicle in a public auction. [2] Muhammed alleged that by selling his vehicle without first providing notice, Routh, acting under color of state law, deprived him of his property interest without due process. Muhammed sought return of the vehicle, compensatory damages, and punitive damages of $50,000.

The district court granted Routh's summary judgment motion. The court held that Muhammed failed to establish that he owned the vehicle and, therefore, he could not establish a deprivation of a property interest. The court denied Muhammed's request to amend his complaint in light of his inability to establish a property interest and his failure to allege any facts of a conspiracy under 42 U.S.C. § 1985. The court also rejected Muhammed's agency theory regarding knowledge imputed to Routh as an agent of the state.

■ This court reviews the grant of a summary judgment motion de novo and examines the record in the light most favorable to the nonmoving party. *United States ex rel. Glass v. Medtronic, Inc.*, 957 F.2d 605, 607 (8th Cir.1992). This court, however, will affirm a grant of summary judgment against a party if the party is unable to establish an essential element of its claim. *Celotex Corp.*

*v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The Due Process Clause of the Fourteenth Amendment requires that prior to an action that will affect an interest in property, "a State must provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Mennonite Bd. v. Adams,* 462 U.S. 791, 795, 103 S.Ct. 2706, 2709, 77 L.Ed.2d 180 (1983) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)).

We assume, without deciding, that Routh's sale of Muhammed's vehicle amounts to state action and that Muhammed had a property interest in the vehicle. Muhammed claims that Routh deprived him of a property interest without due process of law. Specifically, Muhammed claims that Routh sold his car without first giving Muhammed notice.

■ Title 27, chapter 50, section 1208 sets out the notice procedure required of a towing-storage firm by Arkansas law before it can secure a possessory lien in and subsequently sell a vehicle. Section 1208 requires that a towing-storage firm give notice to the last registered owner of the vehicle by certified mail. Ark.Code Ann. § 27–50–1208(b)(2), (c) (Michie Supp.1993); *see id.* § 27–50–1101 (Michie Supp.1993) ("Procedure to sell abandoned vehicles"). Routh followed the requirements of section 1208 and determined that Leslie Lewis was the registered owner of the vehicle. Routh mailed, via certified mail, notice of the impending sale to Lewis's address. [3] Muhammed never received this notice because Routh addressed the notice, as required by statute, to Lewis, the last registered owner. Routh also published notice of the impending auction of the vehicle in a local newspaper.

The sole reason that Muhammed failed to receive actual notice of the impending sale

---

1. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

2. Routh auctioned off the vehicle on October 19, 1991, for $400. Routh applied the $400 to offset

the $1276 Routh had incurred for towing, storage and administrative charges.

3. Lewis's address is the same as Muhammed's.

was his failure to register the vehicle in his own name. Muhammed stated in his Request to Amend Complaint and Response to Defendant's Counter Motion for Summary Judgment:

> The plaintiff purchased his automobile from Leslie Lewis under contract, but, after the U.S. DISTRICT BANKRUPTCY COURT awarded title to plaintiff, the G.M.A.C. financing company refused to change the title to plaintiff's name, therefore, *plaintiff decided to keep the car in the a.k.a. name of Leslie Lewis, but actual ownership of the auto is with plaintiff.*

District Ct.Doc. 24, at 1 (emphasis added). Arkansas law requires that every vehicle be registered. Ark.Code Ann. § 27–14–703 (Michie 1987) (stating general rule and exceptions to general rule). Arkansas law also requires that "[t]he transferee of any new or used motor vehicle ... shall apply for ... the registration thereof within ten (10) working days after the date of transfer." *Id.* § 27–14–903 (Michie Supp.1993). By keeping the registration in Lewis's name, Muhammed frustrated the Arkansas statutory scheme and frustrated Routh's attempts to provide notice. Thus, Muhammed's failure to register the vehicle in his own name was the sole reason that he did not receive actual notice. In effect, Muhammed's failure to register the vehicle in his own name made his identity "not reasonably identifiable." *Cf. Mennonite Bd.,* 462 U.S. at 798, 103 S.Ct. at 2711 (implying that constructive notice may be sufficient where individual with property interest is not reasonably identifiable). Therefore, we hold that the notice provided by Routh was constitutionally sufficient under these circumstances.

We have considered Muhammed's remaining contentions and find them to be without merit.

Accordingly, we affirm the judgment of the district court.