**Robert KORNBLUM, Appellant,**

v.

**ST. LOUIS COUNTY, MISSOURI, and John Doe, an unknown person and John Doe II, an unknown person, Appellees.**

No. 93–4111.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1994.

Decided Feb. 15, 1995.

---

Gerald M. Dunne, argued, St. Louis, MO, for appellant.

Robert E. Fox, Jr., argued (John A. Ross and Robert E. Fox, Jr., on brief), Clayton, MO, for appellee.

Before MORRIS S. ARNOLD, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and MELLOY *, Chief District Judge.

MELLOY, Chief District Judge.

Robert Kornblum appeals the district court's [1] order granting Summary Judgment for the appellee on appellant's claim, brought under 42 U.S.C. § 1983, for damages arising out of a violation of his Civil Rights. Mr.

Kornblum contends that the district court's order was in error.

## I. Background

The appellant, Robert Kornblum, purchased property located at 9766 Nolte Avenue (the "Nolte Property"), in St. Louis County, Missouri. Mr. Kornblum, a licensed Real Estate Broker, purchased the property with the intent to renovate the deteriorating single family residence located on the property, and resell it at a profit. Within three months of his purchase, the Nolte Property residence was demolished pursuant to a demolition order issued by St. Louis County. Mr. Kornblum's civil rights claims are based on an allegation that the County took his property without due process of law. The district court granted summary judgment for the County, and this appeal followed.

The Nolte Property formerly belonged to Orville and Daisy Glendinning ("Orville" and "Daisy"). Daisy, the last occupant of the Nolte Property, died intestate on October 23, 1982, and her heirs took fractional, fee simple interests in the Nolte Property pursuant to a decree, issued January 8, 1987, by St. Louis County Circuit Court, Probate Division. Mr. Kornblum purchased the property from the Glendinning heirs on February 4, 1988. Between the date of the Probate decree and Mr. Kornblum's purchase, St. Louis County began to take an active interest in the Nolte Property.

Due to its deteriorated condition, Jack O'Brien, Building Inspector for St. Louis County Public Works, declared the Nolte Property residence a public nuisance, and placed a Notice of Declaration of Nuisance on the Nolte Property on March 24, 1987. Although St. Louis County Ordinance No. 11,718 (1984) required the County to record the Declaration with the County Recorder of Deeds, the declaration was never recorded.

The day after reinspecting the property on July 9, 1987, the County sent a certified letter to notify the owners of the Declaration

---

* The Honorable MICHAEL J. MELLOY, Chief United States District Judge for the Northern District of Iowa, sitting by designation.

1. The Honorable George F. Gunn, Judge, United States District Court for the Eastern District of Missouri.

of Nuisance. The County sent the letter to "Daisy Glendinning c/o Pat Andrew," instead of to the Glendinning heirs, because of the property ownership reflected on a title report prepared for the County by First American Title. The report did not reveal the interests of the Glendinning heirs because they had not yet recorded the interests they took pursuant to the January 8 Probate decree. Instead, the report listed Daisy and Orville as owners, noted that Orville was deceased, and listed Orville's probate file number. Because the report did not list an address for Daisy, the letter was sent c/o Pat Andrew, who was listed in the Tax Collector's rolls as the recipient of the Nolte property real estate tax bills. The County published notice that the Nolte property was a nuisance in the *Watchman's Advocate,* a local newspaper, on July 20, 1987.

The County scheduled the Nolte Property public condemnation hearing for October 1, 1987. The County sent notice of the hearing to "Daisy Glendinning c/o Pat Andrew" on August 21, and published notice of the hearing in the *Watchman's Advocate* on August 28, 1987. No one appeared at the hearing on behalf of the property owners. The hearing officer found that the property was a public nuisance and issued an order of demolition. The County demolished the Nolte Property residence, pursuant to that order, in April, 1988, and placed a lien on the property for the cost of demolition.

Mr. Kornblum filed a four count complaint against St. Louis County.[2] The first count is a federal claim under 42 U.S.C. § 1983, alleging a deprivation of his civil rights; specifically, that insufficient notice, prior to demolition of the building on the Nolte Property and placing the lien on the Nolte Property, deprived him of property without the due process of law.[3] The complaint included three pendant state law claims, alleging trespass, abuse of process and slander of title. The district court granted summary judgment for the County, holding that Mr. Kornblum was not entitled to notice because he did not have an interest in the property at the time of the nuisance hearing and dismissed the three pendant claims for lack of jurisdiction.

## II. Standard of Review

This is an appeal of the district court's grant of summary judgment for the appellee, St. Louis County. 835 F.Supp. 1127. Summary Judgment is appropriate when "there is no genuine issue as to any material fact" and the moving party "is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *First Security Savings v. Kansas Bankers Surety Co.,* 849 F.2d 345, 349 (8th Cir.1988). This court must view the evidence in the light most favorable to the non-moving party, and the non-moving party must receive the benefit of all reasonable inferences to be drawn from the underlying facts. *Holloway v. Lockhart,* 813 F.2d 874, 876 (8th Cir.1987). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain recovery under any circumstances. *Foster v. Johns–Manville Sales Corp.,* 787 F.2d 390, 392 (8th Cir.1986). The court below granted summary judgment for the defendant on his § 1983 claim because the plaintiff did not have any property interest in the Nolte property at the commencement of the nuisance proceedings, and consequently, there was no constitutional requirement that he be afforded notice of the nuisance proceedings.

## III. Issues on Appeal

Mr. Kornblum raises three issues on appeal; one issue of substantive law, and two procedural issues:

1. He challenges the district court's finding that there was no constitutional requirement

---

2. The appellant stated at oral argument that his claims against the County are his only remedy. He claims that a Bona Fide Purchaser for Value Recording Act bars his claim against the Glendinning heirs because they did not have actual notice of the hearing.

3. The lien for costs of demolition was not recorded and St. Louis County has given notice to Mr. Kornblum that it does not intend to record the lien or pursue its lien rights. This notice was given after the commencement of this § 1983 action.

that he be afforded notice of the nuisance proceedings;

2. He claims that the County waived its right to assert the defense of "failure to state a claim upon which relief can be granted" by failing to raise it in the pleadings; and

3. He claims that the court erred in relying on certain "uncertified and unverified" documents in violation of Fed.R.Civ.P. Rule 56.

## IV. Constitutionally Adequate Notice

Mr. Kornblum's § 1983 claim asserts that St. Louis County deprived him of property without due process of law by demolishing the Nolte Property residence without sufficient notice to him. He challenges the District Court's holding that there was "no constitutional requirement that he be afforded notice of the nuisance proceedings" because "[h]e had no interest in the property at the commencement of the nuisance proceedings." *Kornblum v. St. Louis County*, 835 F.Supp. 1127, 1129 (E.D.Mo.1993). Mr. Kornblum claims that summary judgment was inappropriate, in part, because his claim alleges a violation of the St. Louis ordinance 11,718 (1984). However, a violation of state law does not, per se, give rise to a claim under § 1983. *Rubek v. Barnhart*, 814 F.2d 1283, 1285 (8th Cir.1987). To state a claim under § 1983, Mr. Kornblum must show that the County violated the Constitution, not its own ordinance.

■ The Due Process Clause of the Fourteenth Amendment requires that a State, prior to an action affecting an interest in property, provide notice that is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Muhammed v. Routh Wrecker Service*, 14 F.3d 24, 25 (8th Cir.1994); *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 795, 103 S.Ct. 2706, 2709, 77 L.Ed.2d 180 (1983); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). "Actual receipt of notice is not constitutionally required." *Sheiner v. City of New York*, 611 F.Supp. 172, 176 (E.D.N.Y. 1985). In other words, the test is whether notice, when given, was reasonably calculated to notify the interested party, not whether in retrospect, notice in fact reached the interested party. Mr. Kornblum makes, essentially, two distinct substantive arguments in support of his appeal from the district court's grant of summary judgment for the defendant.

### A. Notice to the Glendinning Heirs

■ The plaintiff's first argument is a third-party assertion of the heirs' due process rights, based on his status as successor in interest to the Nolte Property. Mr. Kornblum claims that "there was no way for [him] to discover the existence of the demolition order because the persons who sold the property to [him] had never been properly notified." Brief for Appellant at 25. Ordinarily, one may not claim standing to vindicate the constitutional rights of a third party. *Irving v. Clark*, 758 F.2d 1260, 1267 (8th Cir.1985) (citing *Barrows v. Jackson*, 346 U.S. 249, 255, 73 S.Ct. 1031, 1034, 97 L.Ed. 1586 (1953)). However, there are certain, limited exceptions to the general rule; litigants may bring actions on behalf of third parties, provided that: (1) the litigant has suffered an injury in fact, (2) the litigant has a close relation to the third party, and (3) there is some hindrance to the third party's ability to protect his or her own interests. *Powers v. Ohio*, 499 U.S. 400, 410, 111 S.Ct. 1364, 1370, 113 L.Ed.2d 411 (1990). Assuming, arguendo, that Mr. Kornblum has standing to assert the heirs' rights, we find no genuine issue of material fact because the Glendinning heirs' Civil Rights would not have been violated if they had held onto the property themselves. There is no third-party constitutional claim for him to assert.

■ The Constitution requires that notification of an action affecting property must be "reasonably calculated" to apprise "interested parties" of the action and afford them an opportunity to present their objections. *Muhammed*, 14 F.3d at 25. The means of giving Constitutionally sufficient notice must be "such as one desirous of actually informing the [interested party] might reasonably adopt to accomplish it." *Mennonite Board*, 462 U.S. at 791, 103 S.Ct. at 2706 (citing

*Mullane,* 339 U.S. at 315, 70 S.Ct. at 657). When an interested party's name is known or very easily identifiable, notification by mail to the last know available address constitutionally sufficient. *Mullane,* 339 U.S. at 317–18, 70 S.Ct. at 658–59; *Schroeder v. City of New York,* 371 U.S. 208, 213, 83 S.Ct. 279, 282, 9 L.Ed.2d 255 (1962); *Mennonite Board,* 462 U.S. at 798, 103 S.Ct. at 2711.

■ It is important to note, at this juncture, that the issue is whether the County violated the Glendinning heirs' due process rights and whether Mr. Kornblum can subsequently assert their due process rights. The test of whether the County's notification procedure meets Constitutional requirements is whether it was reasonably calculated to apprise the Glendinning heirs of the pendency of the condemnation proceedings, not whether it was reasonably calculated to notify Mr. Kornblum of the condemnation proceedings.

■ Aside from stating that the County's notification did not comply with the County's nuisance notice recording ordinance, Mr. Kornblum does not make any argument to support his position that the County's notification method was not "reasonably calculated" to apprise the interested parties (the Glendinning heirs) of the pendency of the hearing. Brief of Appellant at 24. As noted previously, a violation of state law does not, per se, give rise to a claim under § 1983. *Rubek,* 814 F.2d at 1285. Even if the notice had been recorded, adherence to the ordinance alone would not have been Constitutionally sufficient notice vis a vis the Glendinning heirs. Property owners with current interests in property are unlikely to keep abreast of notices which are recorded with the County recorder. As such, any notice posted in the property records is not reasonably calculated to notify those with current property interests. *See Mennonite Board,* 462 U.S. at 799, 103 S.Ct. at 2711.

The sole question is whether the County's particular method of notice by mail was reasonably calculated to notify the current owners of the pendency of the hearing. To determine whether notification was sufficient in this case, this court must analyze the County's particular notification method and determine whether the method was, in fact, reasonably calculated to apprise interested parties of the pendency of the action. The first step of the County's notification method was to obtain a title report from First American Title Insurance Company. The report listed Daisy and Orville Glendinning as the owners of record, noted that Orville was deceased, that Daisy was his surviving spouse, and that Orville's estate was in probate. The report did not include any information on Daisy's death, the status of her estate, or the probate decree which awarded fractional fee simple interests in the Nolte property to the Glendinning heirs.

■ Conducting a title search is a reasonable first step to identify people with current interests in real property. Not only was this method of notification reasonable, it would likely have given actual notice to the Glendinning heirs if First American's title search had uncovered the January 8, 1987 probate decree. To the extent that First American's failure to adequately search the probate records and report the probate decree may be negligent, there is no Constitutional violation. "[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of ... property." *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986). The County's method of notification to those with a current interest in the property at the time of the demolition hearing was Constitutionally sufficient.

Since the title report did not provide an address for Daisy Glendinning, the County next checked the property tax records. The property tax records, likewise, did not list an address for Daisy. The property tax records listed Pat Andrew as the person responsible for paying taxes on the Nolte property. The County made the reasonable assumption that the person responsible for paying taxes on the property was the property's caretaker and sent notice to Daisy c/o Pat Andrew at Pat Andrew's address as listed on the property tax rolls. Although the record does not reveal the relationship between Pat Andrew and Daisy, Orville, or the Glendinning heirs, the record does reveal that he received actual notice of the condemnation hearing and noti-

fied the County that he was taking steps to board up the building on the Nolte property. The reasonableness of the County's sending notice to the person listed on the property tax records is evidenced by the fact that he received actual notice and that he responded by taking action pursuant to that notice.

## B. Notice to Mr. Kornblum

 Mr. Kornblum's second argument is that, as an "interested party" in his own right, he deserved notification prior to the execution of the Demolition Order. Due process requires notice that is reasonably calculated to apprise interested parties of an action affecting an interest in property. *Muhammed,* 14 F.3d at 25; *Mennonite Bd.,* 462 U.S. at 795, 103 S.Ct. at 2709; *Mullane,* 339 U.S. at 314, 70 S.Ct. at 657. Mr. Kornblum argues that the universe of "interested parties" should include not just those persons who have property interests at the time of notice and hearing, but also prospective purchasers, who might be "interested parties" when the contemplated action is actually executed.[4] Although the case law does not define "interested parties," the Supreme Court has implicitly recognized that not all protected property interests are present or certain. Some of the property interests at issue in *Mullane* were described as "either conjectural or future." 339 U.S. at 319, 70 S.Ct. at 659. Assuming, arguendo, that he was an interested party, notice to Mr. Kornblum was, never the less, constitutional.

 The Due Process notification requirement protects the individual's opportunity to be heard, but will not place impossible or impractical obstacles in the way of the State's interest in bringing issues to a final settlement. *Mullane,* 339 U.S. at 313–14, 70 S.Ct. at 656–57. Further, the type of notice required for a particular interested party depends on whether the party is "reasonably identifiable." *Mennonite Bd.,* 462 U.S. at 798, 103 S.Ct. at 2711. The Due Process clause, which requires notification and hearing *prior* to actions affecting interests in property, necessarily anticipates a lapse of

time between notice of a hearing, and the execution of any action taken subsequent to the hearing. Thus, as a practical matter, whether a party is "reasonably identifiable" must relate back to reasonable identifiability when notification is given, at the commencement of an action, not when the subsequent action is taken; any other result creates the impossible burden of predicting the future. *See Nitchie Barrett Realty Corp. v. Biderman,* 704 F.Supp. 369, 372 (S.D.N.Y.1988).

 When the County commenced its demolition action against the Nolte Property, Mr. Kornblum's name and address were not readily identifiable by the County. Although personal notice is generally required when a party's name and address are known or easily ascertainable, when they are not known nor readily identifiable, notification by posting and publication is constitutionally sufficient. *Mullane,* 339 U.S. at 317–18, 70 S.Ct. at 658–59; *Schroeder v. City of New York,* 371 U.S. 208, 213, 83 S.Ct. 279, 282, 9 L.Ed.2d 255 (1962). In the case at bar, the County published notification of the demolition hearings in the *Watchman's Advocate* and posted notice on the property. Such notice was constitutionally sufficient to notify Mr. Kornblum of the hearing because his address was not readily ascertainable at the commencement of the proceedings.

 The Constitution does not require the County to use the most reasonable method of notification; it requires merely that they use a method, any method, that is reasonably calculated to notify interested parties of the pendency of a hearing affecting property. As demonstrated above, the County's method of notification in this case meets that test. Although the court agrees with the dissent that the County's nuisance notice recordation ordinance would meet this burden with respect to Mr. Kornblum, it is not the only Constitutionally sanctioned method of notification. The dissent implies that in every case, notification of the pendency of any hearing affecting property interests, the Due Process Clause will be violated with respect

---

**4.** "Had Appellee complied with the Ordinance's notice requirements, Appellant, and other prospective purchasers of the property would have

been notified of St. Louis County's intent to demolish the structure." Appellant's brief at 24–5.

to prospective purchasers unless notice of the hearing is recorded in the property records. This is the sort of rigid rule cautioned against in *Schroeder* where the Supreme Court commented that practical considerations make "it impossible to draw a standard set of specifications as to what is constitutionally adequate notice, to be mechanically applied in every situation." *Schroeder*, 371 U.S. at 212, 83 S.Ct. at 282. It is not the responsibility of the courts to prescribe the form of service that a state should adopt. *Greene v. Lindsey*, 456 U.S. 444, 455, n. 9, 102 S.Ct. 1874, 1880, n. 9, 72 L.Ed.2d 249 (1982). Where, as here, the County's method of notification meets minimally prescribed Constitutional standards, there is no Due Process violation.

Mechanical application of the dissent's position could easily overburden local and state governments. For example, a rezoning hearing affecting an entire downtown district in a large metropolitan area may affect thousands of separately recorded property interests. A rule requiring individually recording notice of the hearing on each affected property record may not be feasible. Although a requirement to record notice in the property records may seem insignificant in this case, involving only one piece of property, when the effect of the rule is magnified by the myriad proceedings a state, county or city undertakes and the sheer volume of property that may be affected, the rule may in fact overburden scarce resources.

## V. Waiver of Affirmative Defenses

■ Mr. Kornblum's claim, that the County should not have been allowed to raise the defense of "failure to state a claim upon which relief can be granted" in its motion for summary judgment, lacks merit.

> A defense of failure to state a claim upon which relief can be granted ... may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

Fed.R.Civ.P. Rule 12(h)(2). Mr. Kornblum argues that the court erred in considering the "failure to state a claim" defense on this motion for summary judgment, because sum-

mary judgment is not a pleading, motion for judgment on the pleadings, or a trial on the merits. However, because the defense of failure to state a claim can be raised as an issue at a trial on the merits, the question of whether there is a genuine issue for trial with regard to that defense, is appropriately considered on a motion for summary judgment.

## VI. "Uncertified and Unverified Documents"

Mr. Kornblum's claim that the district court erred when it considered the County's "unverified" evidence, namely their Memorandum of Law, a transcript of the demolition hearing, and a copy of the demolition order, is likewise without merit. The transcript of the hearing, contrary to Mr. Kornblum's assertion, was certified as a true copy by the St. Louis County Clerk. The district court's consideration of the nuisance order and the County's Memorandum of Law was not prejudicial, since neither one alleged facts that were not set forth in the transcript.

## Conclusion

In summary, we affirm the district court's order granting summary judgment for the appellee. The factual allegations of the parties, when taken in a light most favorable to Mr. Kornblum, support a finding that the County's notification was reasonably calculated to inform the Glendinning heirs of the pendency of the nuisance hearing. Because the heirs received sufficient notice, Mr. Kornblum cannot state a claim for relief, based on a third party assertion of the heirs' due process rights. In addition, the County's notification by publication and posting satisfied the County's constitutional duty to notify Mr. Kornblum of the declaration of nuisance and the nuisance hearing because his name and address were neither known nor readily ascertainable at the time of the commencement of the nuisance proceedings.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

I cannot agree that the notice given by the County in this case was reasonably calculated to apprise interested parties of an action affecting their rights in the relevant proper-

ty. The fact that the owner did not get notice ought to be some evidence of that. Had the County simply followed its own ordinance, moreover, an ordinance the office of which is mainly to give notice to prospective purchasers, Mr. Kornblum would have had constructive notice of the impending demolition before he purchased the property. Just as importantly, the County should have been on notice of the death of Daisy Glendinning, since the probate decree had presumably been entered in the court records even before the County, as the court puts it, "began to take an active interest in the Nolte Property." (It is not clear, however, that the County itself was negligent in not finding this decree.)

This record of negligence, it seems to me, forecloses a conclusion that the county acted with reasonable diligence to notify persons with property interests of actions that could affect them. It is true that Mr. Kornblum was not an owner of this property at the time that the relevant hearing was held. But that is not an end to the matter. The county is charged with knowing that property transactions are common and that prospective purchasers rely on records for notice of title defects. The Supreme Court has evidently recognized that future owners are entitled to consideration when notice is provided. *See Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 319, 70 S.Ct. 652, 659, 94 L.Ed. 865 (1950). Reasonable diligence requires such consideration when, as here, the state has provided a system of recordation for the protection of prospective buyers, and compliance with and use of it is comparatively straightforward.

I therefore respectfully dissent and would reverse the judgment of the district court and remand for further proceedings.