# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1802
_____

United States of America,     *
                        *

       Appellee,     *
                        *    Appeal from the United States

    v.                     *    District Court for the
                        *    Southern District of Iowa.

Robert Leroy Willson, Sr.,     *
                        *        [UNPUBLISHED]

       Appellant.     *

_____

Submitted: April 3, 2003

Filed: April 10, 2003
_____

Before HANSEN,[1] Chief Judge, MORRIS SHEPPARD ARNOLD and BYE, Circuit
     Judges.

_____

PER CURIAM.

_____

    [1]The Honorable David R. Hansen stepped down as Chief Judge of the United
States Court of Appeals for the Eighth Circuit at the close of business on March 31,
2003. He has been succeeded by the Honorable James B. Loken.

The district court[2] denied Robert Willson, Sr.'s motion for return of a 1995 Dodge truck, which he argued the government had improperly seized and forfeited. Mr. Willson appeals.

Following de novo review of the notice of forfeiture, see Madewell v. Downs, 68 F.3d 1030, 1036 (8th Cir. 1995) (standard of review), we conclude that the government provided adequate published notice by complying with applicable law, see 19 U.S.C. § 1607; 21 C.F.R. § 1316.75 (notice requirements), and that the district court did not clearly err in determining that notice sent by certified mail to 1218 East 29th Street--the vehicle title address--was reasonably calculated to apprise Willson Auto Body--the owner of record--of the pending forfeiture proceeding, see Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (standard for adequate notice); United States v. Clark, 84 F.3d 378, 381 (10th Cir. 1996) (standard of review); Muhammed v. Routh Wrecker Serv., 14 F.3d 24, 25-26 (8th Cir. 1994) (notice to registered owner was adequate). We are not persuaded by Mr. Willson's contention that the government was sufficiently familiar with his businesses to know that Willson Auto Body's address was 1210, not 1218, East 29th Street, because the government knew he had businesses at both addresses. Cf. Krecioch v. United States, 221 F.3d 976, 980 (7th Cir.) (notice by mail was inadequate where government knew claimant would *not* receive it), cert. denied, 531 U.S. 1026 (2000).

Contrary to Mr. Willson's assertion, the government was not required to forfeit his property in a criminal proceeding, see 19 U.S.C. § 1607; Krecioch, 221 F.3d at 979; and he has provided no basis for disputing the forfeiture on the ground that it was delayed.

---

[2]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

Because Mr. Willson's reconsideration motion did not seek relief on any grounds permitted under Federal Rule of Civil Procedure 60(b), the district court did not abuse its discretion in denying the motion, see Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 807 (8th Cir. 2002) (standard of review), and we decline to address any theories on appeal that were not raised in the district court, see Alexander v. Pathfinder, Inc., 189 F.3d 735, 742 (8th Cir. 1999).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.