# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1131

_____

Jason Randal French,

    Appellant,

v.

Koch's Body Shop,

    Appellee.

    \*
    \*
    \*
    \*  Appeal from the United States
    \*  District Court for the
    \*  Eastern District of Arkansas.
    \*
    \*    [UNPUBLISHED]
    \*

_____

Submitted: February 2, 2006
Filed: February 6, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jason French appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action against Koch's Body Shop (KBS). We affirm.

In June 2001, French purchased a car from his parents and shortly thereafter left it on the side of the road on jacks while he tried to obtain the parts to fix it. In French's absence, a Conway County, Arkansas, deputy determined that the car was unattended and within three feet of the roadway, and instructed KBS to tow the car to its shop. KBS sent notice of the towing to French's parents, the title holders of record,

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

notifying them of the location of the car and how to recover it pursuant to Arkansas law. French later went to KBS to retrieve the car, and found that significant damage had been done to it. French claimed that KBS's removal of the car without pre-removal notification, and its alleged destruction of the car, violated his Fifth and Fourteenth Amendment due process rights.

We review de novo the district court's grant of summary judgment, viewing the record in a light most favorable to French. See Kasper v. Federated Mut. Ins. Co., 425 F.3d 496, 502 (8th Cir. 2005). Assuming, as the district court did, that KBS's actions constituted state action, failure to provide French with pre-seizure notice or hearing did not violate his procedural due process rights. See City of Los Angeles v. David, 538 U.S. 715, 719 (2003) (per curiam) (pre-deprivation hearing on decision to tow is impossible if city is to be able to enforce parking rules). Rather, procedural due process was satisfied by post-removal notice to the title holder of record and a meaningful opportunity to challenge the decision to tow the car. See Mullane v. Cent. Hanover Bank & Trust, 339 U.S. 306, 314, 319 (1950) (notice is sufficient to satisfy due process if reasonably calculated under circumstances to apprise interested parties and give them opportunity to present objections; mails recognized as efficient and inexpensive means of communication); Muhammed v. Routh Wrecker Serv., 14 F.3d 24, 25-26 (8th Cir. 1994) (per curiam) (due process claim failed where towing company fulfilled its duties under Arkansas law by mailing notice of towing to last registered owner of vehicle, even though actual owner did not receive notice); Propert v. District of Columbia, 948 F.2d 1327, 1332-33 (D.C. Cir. 1991) (owners of towed vehicles are entitled to post-deprivation notice and hearing); see also Ark. Code Ann. § 27-50-1207(e)(1), (f)(1) (2001) (describing right of owner of towed car to seek review of removal).

After careful consideration, we reject French's remaining arguments on appeal. Accordingly, we affirm.

_____