[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 29, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17112
Non-Argument Calendar

_____

D. C. Docket No. 04-00080-CV-GMF-4

STEVE DENNIS RYAN,

Plaintiff-Appellant,

versus

OLAKUNLE AINA,
Dr., in his individual capacity,
REGINA DOYLE,
Nurse,
JOLENE HERCZEG,
Medical Director,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(December 29, 2006)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Steve Dennis Ryan, a Georgia inmate, appeals pro se several adverse rulings related to the judgment against his complaint of deliberate indifference to a serious medical need by Dr. Olakunle Aina, Regina Doyle, and Jolene Herczeg. We affirm.

## I. BACKGROUND

Ryan, an inmate at Phillips State Prison, alleges that he was diagnosed with hiatal hernia and gastroesophageal reflux disease ("GERD") in February 1999. He asserts that Dr. Aina prescribed him a special diet for his conditions in June 2003, when he was an inmate at Rutledge State Prison. He contends that the prison kitchen stopped providing his special diet around December 2003. He alleges that, without the diet, he has experienced stomach ailments, such as vomiting and heartburn. Ryan also contends that his conditions increase his risk of esophageal cancer, but he admits that he has had no formal education beyond the sixth grade.

At a bench trial, Dr. Aina admitted that he prescribed Ryan a special diet that restricted foods with onions and tomatoes, but explained that the diet was only advice to the kitchen. Dr. Aina testified that he discontinued the diet because the kitchen told him that no such diet officially existed. According to Dr. Aina, the

2

diet was not necessary to control Ryan's condition. Ryan had been prescribed Prilosec, antacids, and a wedge pillow to reduce his symptoms. Dr. Aina also had advised Ryan to lose weight and avoid spicy foods.

Dr. Aina admitted that GERD is a serious condition if not treated, but it would not damage the esophagus. According to Dr. Aina, GERD does not cause cancer and would not result in death if untreated. Dr. Aina conducted an endoscopic exam on Ryan and found no evidence of any cancer.

Both Doyle and Herczeg testified that they provided medical care as nurses at Rutledge State Prison. Doyle saw Ryan on July 13, 2004, and Ryan had requested a special diet. Doyle informed Ryan that she would discuss the request with Dr. Aina. Doyle assessed Ryan's condition as stable and was aware that Ryan was being treated with Prilosec, antacids, and a bed wedge. Herczeg testified that she had no authority to countermand a doctor or to instruct the prison kitchen to prepare a special diet. She was not aware of any occasion on which Ryan had been denied medication, antacids, or a bed wedge.

Ryan testified that his symptoms did not decrease after taking Prilosec, but admitted that he had never been denied any of his medications or treatment while at Rutledge State Prison, including medication for other conditions such as high blood pressure and schizophrenia. Ryan admitted that he bought from the prison

3

store spicy foods and other foods that he alleges trigger his GERD symptoms, but alleged that he traded that food with other inmates.

In June 2004, Ryan filed a complaint against Dr. Aina for relief under federal law.  See 42 U.S.C. § 1983.  Ryan moved for an evidentiary hearing to determine his competency, and a magistrate judge denied the motion.  The magistrate judge found that Ryan showed, by the nature of his complaint, the ability to understand legal procedures.  Ryan also moved to amend or supplement his complaint under Federal Rule of Civil Procedure 15.  The magistrate judge granted the motion, and Ryan added Doyle and Herczeg as defendants.

In September 2004, the action was assigned to the magistrate judge for final disposition, after the consent of all parties.  Ryan then filed a motion for appointment of counsel, which the magistrate judge denied.  In October 2004, Ryan moved for a temporary restraining order, which the magistrate judge denied. In April 2005, Dr. Aina, Doyle, and Herczeg moved for summary judgment.  Ryan opposed the motion and filed his own motion for partial summary judgment.  The magistrate judge denied both motions for summary judgment and set the case for a bench trial in October 2005.

In September 2005, the magistrate judge ordered that Doyle's deposition could be videotaped to preserve her testimony for trial, because Doyle was

4

suffering from congestive heart failure. The magistrate judge ordered that Ryan be made available by telephone to have the opportunity to question Doyle. Ryan participated by telephone and conducted a cross-examination.

During the bench trial, Ryan moved for the appointment of an expert witness, which the magistrate judge denied as untimely. After the bench trial, Ryan filed an objection to the use of Doyle's deposition during the trial. Ryan moved again for appointment of counsel, which the magistrate judge denied.

In December 2005, the magistrate judge entered judgment in favor of Dr. Aina, Doyle, and Herczeg. The magistrate judge stated only that "[t]he issues have been tried and heard" and found "[t]he evidence presented during the trial of this matter failed to establish that the Defendants were deliberately indifferent to the Plaintiff's medical needs." The magistrate judge made no further findings of fact or conclusions of law.

Ryan appealed. We granted Ryan's motion for leave to proceed in forma pauperis. We concluded that the appeal is not frivolous and instructed the parties to address in their briefs "whether remand is required in order for the district court to make findings of fact and conclusions of law regarding the bench trial."

## II. DISCUSSION

Ryan appeals (1) the denial of his motions for appointment of counsel; (2)

5

the failure by the district court to consider a claim for retaliation; (3) the use of Doyle's deposition testimony at trial; (4) the denial of his motion to appoint an expert witness; (5) the failure by the magistrate judge to make extensive findings of fact and conclusions of law; and (6) the judgment of the magistrate judge. We discuss each issue in turn.

### A. The Magistrate Judge Did Not Abuse His Discretion by Denying Ryan's Motions for Appointment of Counsel.

"[P]risoners raising civil rights claims . . . have no absolute constitutional right to counsel," Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993), and we review a denial of appointment of counsel for abuse of discretion, Bass v. Perrin, 170 F.3d 1312, 1319 (11th Cir. 1999). "The key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court." Kilgo, 983 F.2d at 193. The magistrate judge did not abuse his discretion. Based on Ryan's evident understanding of the relevant legal issues and legal procedure, the magistrate judge reasonably determined that Ryan did not need assistance in presenting his complaint to the court.

### B. The Magistrate Judge Did Not Abuse His Discretion by Refusing To Consider a Claim of Retaliation.

Ryan asserts that the magistrate judge erred by refusing to consider a claim of retaliation advanced for the first time in Ryan's motion for partial summary

6

judgment. The magistrate judge explained that Ryan had failed to seek permission from the court to amend his complaint to include a new retaliation claim. See Fed.R.Civ.P. 15. The magistrate judge effectively denied Ryan leave to raise a new claim, and we review for abuse of discretion the denial of a motion for leave to amend a complaint. Green Leaf Nursery v. E.I. DuPont De Nemours & Co., 341 F.3d 1292, 1300 (11th Cir. 2003).

The magistrate judge did not abuse his discretion. Ryan had previously filed a motion for leave to amend. Ryan plainly understood the requirement that he seek permission, and "[f]ailure to properly request leave to amend, when [Ryan] had adequate opportunity and time to do so, precludes [his] argument on appeal that the district court abused its discretion." Long v. Satz, 181 F.3d 1275, 1279-80 (11th Cir. 1999).

### C. The Magistrate Judge Did Not Abuse His Discretion by Allowing Doyle's Deposition To Be Used at Trial.

Ryan contends that the magistrate judge erred by allowing Doyle's deposition to be used at trial, because Ryan did not have counsel present during the deposition. Ryan also asserts that the magistrate judge erred because the magistrate judge was not present at the deposition to rule on Ryan's objections. We disagree.

We review evidentiary rulings for abuse of discretion and reverse when there

7

is substantial prejudice.  <u>Brochu v. City of Riviera Beach</u>, 304 F.3d 1144, 1155

(11th Cir. 2002).  The magistrate judge did not abuse his discretion.  The

magistrate judge ensured that Ryan would be represented during Doyle's

deposition by ordering that Ryan be made available by phone.  Ryan was available

and conducted a cross-examination, which he was permitted to use during trial.

We have already determined that the magistrate judge did not abuse his discretion

by denying Ryan appointment of counsel.  As to the magistrate judge's failure to

be present to rule on Ryan's objections, there was no prejudice, because Ryan did

not make any objections during the deposition.

### D. The Magistrate Judge Did Not Abuse His Discretion by Declining To Appoint an Expert Witness.

Rule 706(a) of the Federal Rules of Evidence "confers on a district court the

discretionary power to appoint an expert witness on the court's own motion or on

the motion of any party."  <u>Fugitt v. Jones</u>, 549 F.2d 1001, 1006 (5th Cir. 1977); <u>see</u>

<u>also</u> <u>Bass</u>, 170 F.3d at 1319 (noting that denial of a motion for an expert witness is

reviewed for abuse of discretion).  Ryan did not move for an expert witness until

halfway through the bench trial.  The magistrate judge did not abuse his discretion

because Ryan's motion was untimely and would have prejudiced Dr. Aina, Doyle,

and Herczeg.

8

*E. The Failure by the Magistrate Judge To Make Extensive Findings of Fact and Conclusions of Law Does Not Require Remand.*

We asked the parties to address in their briefs "whether remand is required in order for the district court to make findings of fact and conclusions of law regarding the bench trial." Ryan contends that remand is required, and Dr. Aina, Doyle, and Herczeg have not addressed the issue. After careful review, we have concluded that remand is not required.

Although Rule 52(a) of the Federal Rules of Civil Procedure requires a district court that conducted a bench trial to "find the facts specially and state separately its conclusions of law," Fed.R.Civ.P. 52(a), "reversal is unnecessary if a full understanding of the question presented may be had without the aid of such findings." Rothenberg v. Sec. Mgmt. Co., Inc., 736 F.2d 1470, 1472 (11th Cir. 1984). "We can and have decided appeals on the merits where the district court has not even entered any findings on each separate factual issue so long as 'a complete understanding of the issues' is possible." United States v. $242,484.00, 389 F.3d 1149, 1154 (11th Cir. 2004) (quoting Harris v. Thigpen, 941 F.2d 1495, 1504 n.16 (11th Cir. 1991)).

In this appeal, remand is unnecessary. We are able to understand and resolve whether the magistrate judge correctly entered judgment against Ryan. The magistrate judge found that "[t]he evidence presented during the trial of this

matter failed to establish that the Defendants were deliberately indifferent to the Plaintiff's medical needs." As we explain in the next section, we are able to "infer[] . . . implied factual findings that are consistent with [the] judgment." Id.

*F. The Judgment Was Not Erroneous.*

We review de novo any conclusions of law made after a bench trial and review the findings of fact for clear error. Wexler v. Anderson, 452 F.3d 1226, 1230 (11th Cir. 2006). To establish that Dr. Aina, Doyle, and Herczeg were deliberately indifferent to his serious medical needs, Ryan had to show (1) "an objectively serious medical need . . . that, if left unattended, poses a substantial risk of serious harm," and (2) the response by Dr. Aina, Doyle, and Herczeg to the serious medical needs "was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal quotation marks and citations omitted). An inmate's mere disagreement with the course of medical treatment does not amount to deliberate indifference. See Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985).

The district court did not clearly err when it found that "[t]he evidence presented during the trial of this matter failed to establish that the Defendants were

deliberately indifferent to the Plaintiff's medical needs." The only evidence in the record that Ryan's condition was "an objectively serious medical need . . . that, if left unattended, poses a substantial risk of serious harm," Taylor, 221 F.3d at 1258, was testimony by Ryan, who admitted that he had no formal education beyond the sixth grade. Dr. Aina testified that Ryan's condition would not damage the esophagus, would not cause cancer, and would not result in death if untreated. There is no evidence in the record that the response by Dr. Aina, Doyle, and Herczeg to Ryan's condition was anything but attentive, much less "poor enough to constitute an unnecessary and wanton infliction of pain." Id.

### III. CONCLUSION

The judgment against Ryan is

**AFFIRMED.**

11